Mark R. Thierman, Nev. Bar No. 8285
mark@thiermanlaw.com
Joshua D. Buck, Nev. Bar No. 12187
josh@thiermanlaw.com
Leah L. Jones, Nev. Bar No. 13161
leah@thiermanlaw.com
THIERMAN LAW FIRM, P.C.
7287 Lakeside Drive
Reno, Nevada 89511
Tel. (775) 284-1500
Fax. (775) 703-5027

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

TIFFANY SARGANT, BAILEY
CRYDERMAN, HUONG ("ROSIE")
BOGGS, and JACQULYN WIEDERHOLT,
on behalf of themselves and all others
similarly situated,

     Plaintiffs,

     v.

HG STAFFING, LLC, MEI-GSR
HOLDINGS LLC d/b/a GRAND SIERRA
RESORT, and DOES 1 through 50, inclusive,

     Defendants.

Case No.: 3:13-CV-453-LRH-WGC

**PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUEST TO SUPPLEMENT PRODUCTION OF DOCUMENTS**

Plaintiffs, TIFFANY SARGANT, BAILEY CRYDERMAN, HUONG ("ROSIE") BOGGS, and JACQULYN WIEDERHOLT, on behalf of themselves and all others similarly situated, (hereinafter "Plaintiffs"), by and through their attorneys of record, the Thierman Law Firm, hereby move this Court, pursuant to Fed. R. Civ. P. 37 and Local Rule of Practice 26-7 for the United States District Court for the District of Nevada to compel Defendants HG STAFFING, LLC, MEI-GSR HOLDINGS LLC d/b/a GRAND SIERRA RESORT, and DOES 1

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

through 50, inclusive, (hereinafter "Defendants" or "GSR") to provide the following previously

requested information: (1) putative class information; and (2) supplement their responses to

Plaintiffs' Request For Production of Documents and produce the requested documents. The

aforementioned discovery requests are relevant to and necessary for the fair adjudication of this

matter and are fully discoverable under Fed. R. Civ. P. 26.

DATED this 11th day of March 2014.

THIERMAN LAW FIRM

Mark R. Thierman, Nev. Bar No. 8285
Joshua D. Buck, Nev. Bar No. 12187
Leah L. Jones, Nev. Bar No. 13161
7287 Lakeside Drive
Reno, Nevada 89511

*Attorneys for Plaintiffs*

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES
AND REQUEST TO SUPPLEMENT PRODUCTION OF DOCUMENTS

**AFFIDAVIT OF LEAH L. JONES**
**IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL**

STATE OF NEVADA          )
                         ) ss.
COUNTY OF WASHOE         )

Leah L. Jones, being duly sworn, upon oath, deposes and says:

1.      I am an attorney with the Thierman Law Firm and licensed to practice before this Court. Thierman Law Firm is counsel of record for Plaintiffs, TIFFANY SARGANT, BAILEY CRYDERMAN, HUONG ("ROSIE") BOGGS, and JACQULYN WIEDERHOLT, on behalf of themselves and all others similarly situated, (hereinafter "Plaintiffs").

2.      I make this affidavit upon personal knowledge and in support of Plaintiffs' Motion to Compel Defendants' Responses to Plaintiffs' First Set of Interrogatories and Request to Supplement Production of Documents. I am competent to testify to the matters contained herein and would and could so testify if called to do so before this Court. I make this affidavit under penalty of perjury.

3.      Plaintiffs' served their Rule 26(a)(1)(A) Initial Disclosures on or about October 29, 2013.

4.      Defendants served their Rule 26(a)(1)(A) Initial Disclosures on or about November 6, 2013 consisting of partial employment records for the named Plaintiffs, only, consisting of 1,686 separate pages, BATES Nos. 0001 – 1686.

5.      Defendants supplemented their Initial Disclosures on or about November 8, 2013 with the Collective Bargaining Agreement between Defendants and the Culinary Union allegedly applicable to Plaintiffs, (hereinafter, "2009-2010 Union Agreement") consisting of 69 pages, BATES Nos. 1687 – 1756.

6.      On or about November 11, 2013, Plaintiff propounded their First Set of Interrogatories, consisting of one single request to identify class members, provide contact information, job title, classification, employment dates, and rate of pay for putative class

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES
AND REQUEST TO SUPPLEMENT PRODUCTION OF DOCUMENTS

THERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

members.  *See* Exhibit A. Plaintiff also propounded their first Request for Production of Documents consisting of documents pertaining to putative class members and named Plaintiffs. *See* Exhibit B.

7.      Defendants responded to Plaintiffs First Set of Interrogatories on or about December 18, 2013 by providing boilerplate and generalized objections and asserting that Defendants were not required to provide information on class members because the Court had yet to certify a class.  *See* Exhibit C.

8.      Defendants responded to Plaintiffs First Request for Production of Documents on or about December 18, 2013 by referencing the documents provided in Defendants' Initial Disclosures for the named Plaintiffs but refused to provide information for putative class members by providing boilerplate and generalized objections, asserting that Defendants were not required to provide information on class members because the Court had yet to certify a class, and on the grounds that the documents requested required a protective order.

9.      Defendants did provide a proposed protective order, which required several amendments and corrections. Plaintiffs returned the corrected and agreed upon version on January 23, 2014, which Defendants filed on February 14, 2014.  *See* Doc. 24.

10.     On or about January 24, 2014 I sent a letter via fax and electronic mail to Defendants' counsel detailing their deficient responses and requesting a meet and confer teleconference pursuant to Rule 37 of the Federal Rules of Civil Procedure ("FRCP").  *See* Exhibit D.  This letter set out the deficiencies in Defendants' answers and provided Defendants with legal analysis why Defendants must provide putative class information.   The teleconference was set for February 3, 2014.

11.     During the teleconference counsel for Defendants' main argument against providing the requested information and documentation was that Plaintiffs had not referred to the Class as "putative class members."  An offer to resend the requests with the discussed name change was made, however, Defendants' counsel declined. That teleconference was memorialized in an email dated February 3, 2014 from me to counsel for Defendants, Terry Kinnally. *See* Exhibit E.

12.     On February 10, 2014, I telephoned Ms. Kinnally to verify that all items requested would be forthcoming. Ms. Kinnally indicated that Defendants were attempting to get a class list together and was still checking on the other items requested.  Ms. Kinnally also stated the following pertinent facts as memorialized in an email dated February 10 2014. *See* Exhibit E:

a.   Plaintiffs should use the 2009-2010 Union Agreement (Exhibit B, *supra*) as a means to classify and obtain job titles for non-exempt hourly employees.

b.   Defendants would supply copies of any and all documents that non-exempt hourly employees sign when they are first hired that are policy related, including any memorandums and/or action plans.

c.   Counsel for Defendants believes that Defendants maintained time data in the form of punch data for when employees first entered the property and punch data for when employees actually clocked in. This documentation would be provided.

d.   Counsel for Defendants believes that Defendants have not been part of any investigations originating with the Nevada Labor Commission or the United States Department of Labor mentioning claims for unpaid wages, pre-shift meetings, trainings, classes, and pre- or post-shift activities. However, Counsel for Defendants' would check and any documents would be provided.

13.     On February 14, 2014 I sent another email to Defendants counsel alerting counsel that because Plaintiffs had yet to receive complete responses to Plaintiffs' First Set of Interrogatories and Request for Production of Documents or any communication from Defendants' counsel that Plaintiff would be filing this Motion to Compel with the Court.  *See* Exhibit F.

14.     On February 3, 2014 Plaintiffs' answered Defendants' First Set of Requests for Admissions.

15.     Despite good-faith efforts to resolve this discovery dispute, the parties are unable to reach a resolution, necessitating this Motion to Compel.

PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES
AND REQUEST TO SUPPLEMENT PRODUCTION OF DOCUMENTS

THERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16.     The Court has issued a Scheduling Order (*see* Doc. 17, filed 10/22/13) and Plaintiffs have filed their Motion for Class Certification (*see* Doc. 18, filed 10/23/13). Plaintiffs have also made a request to this court for Oral Argument regarding Plaintiffs' motion for Circulation of Notice Pursuant to 29 U.S.C. § 216(b). *See* Doc. 23, filed February 4, 2014).

17.     In order to aid in providing the requirements under Rule 23 of the FRCP Plaintiffs must be provided the class list and the supplemental responses to requests for production to be able to conduct some sort of meaningful inquiry into the class allegations.

18.     Based on the foregoing, Plaintiffs have repeatedly requested that Defendants fully respond to Plaintiffs' only interrogatory and furnish supplementary responses and fully respond to Plaintiffs' discovery requests. Defendants have assured Plaintiffs that supplemental responses were forthcoming but have yet to provide anything other than that which Defendants provided in their Initial Disclosures and without any legal authority in support of their position for not providing the information requested. Thus, Plaintiffs have no choice but to file this Motion to Compel seeking Defendants' full and complete responses to Plaintiffs' discovery requests.

I declare under penalty of perjury, under the laws of the state of Nevada, that the foregoing is true and correct.

DATED: March 11, 2014                    THIERMAN LAW FIRM

Leah L. Jones

PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES
AND REQUEST TO SUPPLEMENT PRODUCTION OF DOCUMENTS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

THERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    STATEMENT OF FACTS

This is a collective and class action case by Plaintiffs TIFFANY SARGANT, BAILEY CRYDERMAN, HUONG ("ROSIE") BOGGS and JACQULYN WIEDERHOLDT ("Plaintiffs") on behalf of themselves and all others similarly situated against HG STAFFING, LLC, MEI-GSR HOLDINGS LLC, d/b/a GRAND SIERRA RESORT and DOES 1 through 50, inclusive ("Defendants" or "GSR").  Plaintiffs allege that Defendants' have failed to: (1) pay wages for all hours worked in violation of 29 U.S.C. § 201, *et seq.*; (2) pay overtime in violation of 29 U.S.C. § 207; (3) pay overtime at the correct rate in violation of 29 U.S.C. § 207; (4) compensate for all hours worked in violation of NRS 608.140 and 608.-016; (5) pay minimum wages in violation of the Nevada Constitution and NRS 608.250; (6) pay overtime in violation of NRS 608.140 and 608.018; (7) timely pay all wages due and owing in violation of NRS 608.140 and 608.020-050; and (8) have made unlawful chargebacks in violation of NRS 608.140 and 608.100.  *See* Doc. 10 (hereinafter, Plaintiffs' First Amended Complaint or "FAC").

In the instant motion, Plaintiffs seek an order compelling Defendants to respond fully to Plaintiffs First Interrogatory and to produce documents responsive to Plaintiffs' First Set of Requests for Production of Documents. The definition of the putative class in the Interrogatory and Requests for Production of Documents specifically references the class definition in the operative complaint, which is: "All current and former non-exempt hourly paid employees who were employed by Defendants within three years from the date of the filing of this complaint." *Id.*  Plaintiffs have served only one interrogatory requesting that Defendants identify and provide contact information, job title, job classification, dates of employment, and rates of pay for putative class members. Plaintiffs have also served twenty-one requests for documents, specifically requesting that Defendants provide any and all documents that refer, reflect, or relate to: employee manuals, memorandums, policies, clock-in and clock-out procedures; time spent collecting and reconciling cash banks, time spent attending pre-shift meetings or other

PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES
AND REQUEST TO SUPPLEMENT PRODUCTION OF DOCUMENTS

work related tasks prior to or at the end of their shift; documents referring to claims for unpaid wages, employee bank reconciliation, and pre- and post-shift work done by hourly non-exempt employees that originated with either the Nevada Labor Commissioner or the United Stated Department of Labor; pay statements; and actual clock-in and clock-out data.

Procedurally, Plaintiffs filed their original Collective and Class Action Complaint in the Second Judicial District Court of the State of Nevada in and for the County of Washoe on June 21, 2013. Defendants' filed a petition for removal to this Court on August 23, 2013. *See* Doc. 1. Defendants filed an answer to Plaintiffs Complaint on August 30, 2013. *See* Doc. 6. Plaintiffs filed their FAC on September 16, 2013. *See* Doc. 10. Defendants answered the FAC on October 1, 2013. *See* Doc. 14. Plaintiffs filed their Motion for Class Certification on October 24, 2013. *See* Doc. 18. Defendants filed their Motion in Opposition to Class Certification on November 11, 2013. *See* Doc. 20. Plaintiffs have filed their Reply in support of Motion for Circulation of Notice pursuant to 29 U.S.C. § 216(b), a Corrected Amended Notice of Pendency of FLSA Collective Action Lawsuit, and a Notice of Amended Filing in Support of Plaintiffs' Motion for Circulation of Notice on November 13, 2013. *See* Doc. 21, Doc. 21-2, and Doc. 22 respectively. Plaintiffs' request for oral argument on class certification was filed on February 4, 2014. *See* Doc. 23.

Notwithstanding the motion practice described in the proceeding paragraph, this case in in its infancy. The discovery process has only just begun. No depositions have been taken and despite Defendants' statements that they would comply with the interrogatory and requests for documents, Defendants have yet to provide any additional information than that which was provided in Defendants' initial disclosures.

## II.   LEGAL STANDARD

Rule 26(b) of the Federal Rules of Civil Procedure ("FRCP") provides that discovery may be had on any matter relevant to the subject matter of the pending action. Relevancy is broadly construed under the federal rules, and information is considered relevant if it "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(i). Under Rule 37(a)(3)(B), a party "seeking discovery may move for an order compelling an

PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUEST TO SUPPLEMENT PRODUCTION OF DOCUMENTS

THERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

THERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

answer, designation, production, or inspection". FRCP 37(a)(3)(B). For the purposes of the rule, "an evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond." FRP 37(a)(4).

Under Fed. R. Civ. P. 37(a)(1), a party may move the court to compel discovery when the movant has demonstrated by certification that "the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." FRCP 37(a)(1). To prevail, the moving party must: (1) demonstrate that he or she has in good faith conferred or attempted to confer with the other party to resolve the dispute; and (2) the parties must "have had or attempted to have had an actual meeting of conference." *Shuffle Master, Inc. v. Progressive Games Inc.,* 170 F.R.D. 166, 171 (D. Nev. 1996). In addition, Local Rule 26-7(a) requires that "[a]ll motions to compel discovery … shall set forth in full the text of the discovery originally sought and the response thereto, if any." Local Rule of Practice for the United States District Court for the District of Nevada 27-7(a).

## III.   ARGUMENT

Plaintiffs have attempted to obtain meaningful responses from Defendants to Plaintiffs' First Set of Interrogatories and also to obtain meaningful supplemental responses from Defendants' to Plaintiffs' First Set of Request for Production of Documents. Notwithstanding multiple phone conversations, faxes, and emails from Plaintiffs' counsel to Defendants' counsel, as set forth in the attached affidavit of Leah L. Jones (hereinafter, "Jones Affidavit"), Defendants are knowingly making empty promises, fail to acknowledge Plaintiffs' communications, and continue to stand by baseless boilerplate objections in refusing to supply putative class member information and supplement their responses to Requests for Production of Documents, resulting in the instant motion.

"[P]re-trial discovery is ordinarily 'accorded a broad and liberal treatment'" *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993) (quoting *Hickman v. Taylor,* 329 U.S. 495, 507 (1947)). "This broad right of discovery is based on the general principle that litigants have a right to 'every man's evidence,' and that wide access to relevant facts serves the integrity and

THERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

1   fairness of the judicial process by promoting the search for the truth." *Id.* (citation omitted).

2   This Court has held that "the scope of discovery is broad and discovery should be allowed

3   unless the information sought has no conceivable bearing on the case." *Jackson v. Montgomery*

4   *Ward & Co.,* 173 F.R.D. 524, 528 (D. Nev. 1997).

5        Here, the information requested is straightforward and is intended simply to allow the

6   Plaintiffs to develop their case. Instead of responding adequately and producing the relevant,

7   requested information and documents, Defendants' responses appear to have been drafted

8   without thought, and fail to provide complete responses or substantiated objections that have

9   any legal basis. "As an initial matter, under FRCP 26(b)(1), discovery is permitted of 'any non-

10  privileged matter that is relevant to any party's claim or defense.' Fed. R. Civ. P. 26(b) is to be

11  'liberally interpreted to permit wide-ranging discovery of information,' even if that information

12  is not ultimately admitted at trial." *In re Citimortgage, Inc., Home Affordable Modification*

13  *Program ("HAMP") Litig.,* MDL 11-2274-DSF, 2012 WL 10450139 (C.D. Cal. June 7, 2012)

14  (*See, Comcast of Los Angeles, Inc. v. Top End International, Inc.,* 2003 WL 22251149, at *2

15  (C.D.Cal. July 2, 2003); *see also* Fed.R.Civ.P. 26(b)(1) ("[r]elevant information need not be

16  admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of

17  admissible evidence."). The burden is on defendant to show that discovery should not be

18  allowed (*Comcast,* at *2, citing *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir.1975)).

19  It is not up to defendant to decide what plaintiffs need to pursue this action. *Id.*

20       Plaintiffs are confident that the Federal Rules of Civil Procedure, established case law,

21  and the facts of this matter all weigh in their favor. The text, responses, and the specific

22  deficiencies of the responses are fully set forth below.

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES
AND REQUEST TO SUPPLEMENT PRODUCTION OF DOCUMENTS

A.   **Deficient Responses to Plaintiffs First Set of Interrogatories.**

1.   **Interrogatory No. 1:** "IDENTIFY each CLASS MEMBER, including Name; Address: Telephone number; Email address; Job title; Job classification; Dates of employment; and Rate of pay. Please provide the information in a computer readable format.

**Response to Interrogatory No. 1:**
Objection (sic) this Interrogatory is premature and cannot be responded to based on the fact that the Court has not yet certified a class and therefore Respondent cannot determine who would be included in the class. Absent such a certification disclosure of employees (sic) names, dates of employment and rate of pay constitutes an invasion of the said employees (sic) privacy in that it seeks disclosure of personal and confidential information.

This answer is not supported by case law. In order to aid in providing the requirements under Rule 23 of the FRCP, Plaintiffs must be provided with a list of putative class members to conduct some sort of meaningful inquiry into class allegations. "The disclosure of names, addresses, and telephone numbers is a common practice in the class action context." *Currie-White v. Blockbuster, Inc.,* 2010 U.S. Dist. LEXIS 47071, at *2 (N.D. Cal. Apr. 15, 2010). Pre-certification disclosure of names, addresses, telephone numbers and email addresses of putative class members is necessary for a plaintiff to determine the correct parameters of the class and make the requisite showing to support class certification. *See*, e.g. *Kress v. PriceWaterhouse Coopers*, 2011 U.S. Dist LEXIS 87845, at *3 (E.D. Cal. Aug 9, 2011) ("If discovery is needed to determine the existence of a class or set of subclasses, it would be an abuse of discretion to deny it."); *Lee v. Dynamex, Inc.*, 166 Cal.App.4th 1325, 1336-28 (2008) (reversing the trial court's denial of class certification because the court precluded plaintiff from receiving putative class members' contact information). Therefore, any objection that Plaintiffs' request is premature and an invasion of privacy does not comport with the existing case law mandating such disclosure. Accordingly, this Court should compel Defendants to provide the putative class list with contact information.

/ / /

/ / /

THERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUEST TO SUPPLEMENT PRODUCTION OF DOCUMENTS

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

**B.      Deficient Responses to Plaintiffs First Set of Requests for Production of Documents.**

1.      <u>Plaintiffs' Request No. 5:</u> ANY DOCUMENTS that refer, reflect, or relate to payment made by DEFENDANT to PLAINTIFFS for their hours worked during their employment, including but not necessarily limited to itemized pay statements.

<u>Response to Request No. 5:</u>
GSR-0001 to GSR-0043: Tiffany Sargant Employment Records;
GSR-0044 to GSR-0085: Bailey Cryderman Employment Records;
GSR-0086 to GSR-0766: Huong Boggs Employment Records;
GSR-0767 to GSR-1686: Jcqulyn (sic) Winderholt (sic) Employment Records.
Discovery in this matter is ongoing and Defendant reserves the right to provide additional document (sic) as discovery continues.

Defendants' answers are incomplete. In addition to the above referenced documents, Defendants provided in its First Supplemental Disclosures, the so-called "Collective Bargaining Agreement between Worklife Financial, Inc. dba Grand Sierra Resort and Casino and Culinary Workers Union Local 226". (*See,* Exhibit B, "2009-2010 Union Agreement" at GSR-1687 to GSR-1765.)  Defendants instructed Plaintiffs to use this document as a means to classify and obtain job titles for non-exempt hourly employees. *See,* Jones Affidavit at ¶ 12.  However, this document provides minimal information on slot tech pay rates for only a two-year after hire period. *See, Id.* at GSR-1744-1745.  Furthermore, Ms. Boggs opted out of the Union on 9/1/09. (*See,* Exhibit A at GSR-0216 and duplicate, GSR-0217.)   Additionally, Defendants have provided nonresponsive documents and also incomplete records for Ms. Boggs and Ms. Wiederholt. In particular, Defendants have provided the employee files of Ms. Boggs and Ms. Wiederholt but have failed to include complete pay statements. For example, the material identifying Ms. Boggs spans a time period from 1986 when she worked at the property then known as MGM up through and including Bally's, Reno Hilton, and GSR. Only incomplete date range payroll summaries consisting of June through October 2012. (*See,* Exhibit A at GSR-0088, GSR-0089, and GSR-0093.) In the case of Ms. Wiederholt the documents span a time frame from 1985 when she worked at the property then known as MGM up through and

PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUEST TO SUPPLEMENT PRODUCTION OF DOCUMENTS

THERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbel.net www.laborlawyer.net

including Bally's, Reno Hilton, and GSR. Only incomplete date range payroll transaction reports are provided for 2/14/13 and 2/25/13. (*See, Id.* at GSR-0797-0798.) However, Defendants have provided the pay statements for Ms. Sargant and Ms. Cryderman, thus evidencing Defendant's ability to provide such records. (*See, Id.* at GSR-0042-0043 and GSR-0082-0085, respectively.) Because Plaintiff's request was propounded for "ANY DOCUMENTS that refer, reflect, or relate to payment made by DEFENDANT to Plaintiffs for their hours worked during their employment", this Court should compel Defendants to provide the complete wage rates and pay records for Ms. Boggs and Ms. Wiederholt.

2.    **Plaintiffs' Request No. 6:** ANY DOCUMENTS that refer, reflect, or relate to hours worked by PLAINTIFFS during their employment with DEFENDANT— i.e. clock-in and clock-out data from DEFENDANT's timekeeping system. Please provide this information in a computer readable format.

**Response to Request No. 6:**
GSR-0001 to GSR-0043: Tiffany Sargant Employment Records;
GSR-0044 to GSR-0085: Bailey Cryderman Employment Records;
GSR-0086 to GSR-0766: Huong Boggs Employment Records;
GSR-0767 to GSR-1686: Jcqulyn (sic) Winderholt (sic) Employment Records.
Discovery in this matter is ongoing and Defendant reserves the right to provide additional document (sic) as discovery continues.

This response is non-responsive because no clock-in and clock-out data was provided in the documents Defendants provided and references. Defendants indicated that they believed that time data in the form of punch data for when employees first entered the property and punch data for when employees actually clocked in and out is maintained and that this documentation would be provided. *See* Jones Affidavit at ¶ 12-c. This documentation has not been provided. Accordingly, this Court should compel Defendants to provide the documentation or affirmatively state that Defendants have no documents in response to this request.

3.    **Plaintiffs' Request No. 7:** ANY DOCUMENTS that refer, reflect, or relate to time spent by PLAINTIFFS each day retrieving and/or returning and reconciling a cash bank of money prior to the start and/or after the end of their regularly

THERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

scheduled shift while they were employed by DEFENDANT, including but not limited to, the time data stamp generated when an employee deposits his or her bank at the automated bank drop. To the extent available, please provide all information responsive to this request in a computer readable format.

**Response to Request No. 7:**
GSR-0001 to GSR-0043: Tiffany Sargant Employment Records;
GSR-0044 to GSR-0085: Bailey Cryderman Employment Records;
GSR-0086 to GSR-0766: Huong Boggs Employment Records;
GSR-0767 to GSR-1686: Jcqulyn (sic) Winderholt (sic) Employment Records.
Discovery in this matter is ongoing and Defendant reserves the right to provide additional document (sic) as discovery continues.

This response is non-responsive because no documents or data was provided that refers, reflects, or relates to time spent retrieving and/or reconciling cash banks in the material that Defendants reference. Accordingly, this Court should compel Defendants to provide the documentation or affirmatively state that Defendants have no documents in response to this request.

4.      **Plaintiffs' Request No. 8:** ANY DOCUMENTS that refers, reflect, or relate time spent by PLAINTIFFS each day attending pre-shift meetings prior to the start of their regularly scheduled shift while they were employed by DEFENDANT. To the extent available, please provide all information responsive to this request in a computer readable format.

**Response to Request No. 8:**
GSR-0001 to GSR-0043: Tiffany Sargant Employment Records;
GSR-0044 to GSR-0085: Bailey Cryderman Employment Records;
GSR-0086 to GSR-0766: Huong Boggs Employment Records;
GSR-0767 to GSR-1686: Jcqulyn (sic) Winderholt (sic) Employment Records.
Discovery in this matter is ongoing and Defendant reserves the right to provide additional document (sic) as discovery continues.

This response is non-responsive because no documents or data was provided that refers, reflects, or relates to time spent attending pre-shift meetings prior to the start of regularly scheduled shifts in the materials that Defendants reference. Accordingly, this Court should compel Defendants to provide the documentation or affirmatively state that Defendants have no documents in response to this request.

5.    **Plaintiffs' Request No. 9:** ANY DOCUMENTS that refer, reflect, or relate time spent by PLAINTIFFS each day completing paperwork and/or performing cleaning tasks prior to the start and/or after the end of their regularly scheduled shifts while they were employed by DEFENDANT. To the extent available, please provide all information responsive to this request in a computer readable format.

**Response to Request No. 9:**
GSR-0001 to GSR-0043: Tiffany Sargant Employment Records;
GSR-0044 to GSR-0085: Bailey Cryderman Employment Records;
GSR-0086 to GSR-0766: Huong Boggs Employment Records;
GSR-0767 to GSR-1686: Jcqulyn (sic) Winderholt (sic) Employment Records.
Discovery in this matter is ongoing and Defendant reserves the right to provide additional document (sic) as discovery continues.

This response is non-responsive because no documents or data was provided that refers, reflects, or relates to time spent completing paperwork and/or performing cleaning tasks prior to the start and/or after the end of regularly scheduled shifts in the materials that Defendants reference. Accordingly, this Court should compel Defendants to provide the documentation or affirmatively state that Defendants have no documents in response to this request.

6.    **Plaintiffs' Request No. 10:** ANY DOCUMENTS that refer, reflect, or relate time spent by PLAINTIFFS each day attending mandatory trainings and/or exercise classes prior to the start and/or after the end of their regularly scheduled shifts while they were employed by DEFENDANT. To the extent available, please provide all information responsive to this request in a computer readable format.

**Response to Request No. 10:**
GSR-0001 to GSR-0043: Tiffany Sargant Employment Records;
GSR-0044 to GSR-0085: Bailey Cryderman Employment Records;
GSR-0086 to GSR-0766: Huong Boggs Employment Records;
GSR-0767 to GSR-1686: Jcqulyn (sic) Winderholt (sic) Employment Records.
Discovery in this matter is ongoing and Defendant reserves the right to provide additional document (sic) as discovery continues.

This response is non-responsive because no documents or data was provided that refers, reflects, or relates to time spent attending mandatory trainings and/or exercises prior to the start and/or after the end of regularly scheduled shifts in the materials that Defendants reference.

THERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

THERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbel.net www.laborlawyer.net

1    Accordingly, this Court should compel Defendants to provide the documentation or

2    affirmatively state that Defendants have no documents in response to this request.

3       **7.**     **Request No. 11:** ANY employee manuals, handbooks, memorandums, and/or
4                   policies given, addressed, or directed to CLASS MEMBERS during the CLASS
                    PERIOD.
5

6               **Response to Request No. 11:**
                Objection (sic) this request is premature as a class has not yet been certified, and
7               therefore Defendant cannot determine with specificity who the potential class
                members are for purposes of this response. Further objection is made in that
8               under *Montana Human Rights Division v. Billings* the Court found that there was
9               an expectation of privacy in employment records which renders them
                confidential. This expectation of privacy and confidentiality is not waived
10              because an employee becomes an unwilling party to a lawsuit. Absent an order
                of the court or authorization by the opting in of an individual employee, no
11              records will be provided.

12

13          This answer is not supported by case law. In order to aid in providing the requirements

14   under Rule 23 of the FRCP, Plaintiffs must be provided with a list of putative class members to

15   conduct some sort of meaningful inquiry into class allegations. "The disclosure of names,

16   addresses, and telephone numbers is a common practice in the class action context." *Currie-*

17   *White v. Blockbuster, Inc.,* 2010 U.S. Dist. LEXIS 47071, at *2 (N.D. Cal. Apr. 15, 2010). Pre-

18   certification disclosure of names, addresses, telephone numbers and email addresses of putative

19   class members is necessary for a plaintiff to determine the correct parameters of the class and

20   make the requisite showing to support class certification. *See*, e.g. *Kress v. PriceWaterhouse*

21   *Coopers*, 2011 U.S. Dist LEXIS 87845, at *3 (E.D. Cal. Aug 9, 2011) ("If discovery is needed

22   to determine the existence of a class or set of subclasses, it would be an abuse of discretion to

23   deny it."); *Lee v. Dynamex, Inc.*, 166 Cal.App.4th 1325, 1336-28 (2008) (reversing the trial

24   court's denial of class certification because the court precluded plaintiff from receiving putative

25   class members' contact information). Therefore, any objection that Plaintiff's request is

26   premature and an invasion of privacy does not comport with the existing case law mandating

27   such disclosure.

28

PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES
AND REQUEST TO SUPPLEMENT PRODUCTION OF DOCUMENTS

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbel.net www.laborlawyer.net

1  Furthermore, Defendants' reliance on *Montana Human Rights Division v. Billings*
2  (hereinafter referred to as *Montana)* is misplaced. The sole issue before the *Montana* Court was
3  "whether, as a matter of law, [employees] may, as a part of its investigation of a discrimination
4  complaint, require an employer to submit … personnel files, employee evaluations, disciplinary
5  records, test scores and application materials for complainants and … applications for
6  employment with the City."  199 Mont. 434 at 436. This case is not persuasive for several
7  reasons. First and foremost, in *Montana* the Court recognized that the information sought was
8  "relevant to proper investigation … of employment discrimination complaints" and "[u]nder the
9  federal standard, discovery of personnel files and records would not be restricted by a
10  penumbral right of privacy." *Id.* at 440. That penumbral right was a Montana state right. This
11  case is being heard in the United States District Court, District of Nevada. Objecting to
12  producing the requested documents based on *Montana* and a state of Montana right is a position
13  that is frankly unreasonable.  Second, under FRCP 26 (b)(1), a party "may obtain discovery
14  regarding any non-privileged matter that is relevant to any party's claim or defense." In *Putnam
15  v. Eli Lilly Co.,* the plaintiff brought a motion to compel pre-certification discovery of names,
16  addresses, telephone numbers, dates of employment, differences in job duties, and
17  compensation of potential class members, including all of Defendant's employees both inside
18  and outside of plaintiff's sales division. 508 F. Supp.2d 812 (C.D. Cal 2007). The court found
19  that plaintiff's legitimate need for the requested information to determine class issues, such as
20  commonality and typicality, outweighed the concerns of the defendant, stating, "The need is
21  especially compelling here where the information to be disclosed concerns not disinterested
22  third parties but potential plaintiffs themselves." *Id.* at 814.
23  Defendants' employee manuals, handbooks, memorandums, and/or policies in no way
24  reaches the level of personal information contained in the personnel files, employee evaluations,
25  disciplinary records, test scores and application materials the *Montana* case dealt with.
26  Additionally, the Protective Order which was filed on February 21, 2014 (*see Doc.* 25) should
27  have alleviated any of Defendants' concerns that the employee manuals, handbooks,
28  memorandums, and/or policies will be used for any other reason than one related to this

PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES
AND REQUEST TO SUPPLEMENT PRODUCTION OF DOCUMENTS

1   litigation. *See*, *Barnes v. Equinox Group,* 2011 U.S. Dist LEXIS 131007, *4 (N.D. Cal. Nov.

2   14, 2011) ("[C]ourts have held that discovery of the identity of putative class members is

3   appropriate at the pre-certification stage, with an opt-out notice or a protective order."); *Putnam*

4   *v. Eli Lilly Co.,* 508 F.Supp.2d 812, 814 (C.D. Ca. 2007) (ordering production of names,

5   addresses, and telephone numbers of putative class members, subject to protective order).

6   Accordingly, this Court should compel Defendants to provide the putative class list with contact

7   information.

8   **8.**   **Request No. 12:** ANY DOCUMENTS that describe CLASS MEMBERS' job
9   duties while employed by the DEFENDANT during the CLASS PERIOD.

10   **Response to Request No. 12:**
     Objection (sic) this request is premature as a class has not yet been certified, and
11   therefore Defendant cannot determine with specificity who the potential class
     members are for purposes of this response. Further objection is made in that
12   under *Montana Human Rights Division v. Billings* the Court found that there was
     an expectation of privacy in employment records which renders them
13   confidential. This expectation of privacy and confidentiality is not waived
     because an employee becomes an unwilling party to a lawsuit. Absent an order
14   of the court or authorization by the opting in of an individual employee, no
     records will be provided. Upon Certification of the Class there are provisions of
15   the Employee Handbook which contains confidential and proprietary information
     which Defendant objects to producing absent a stipulated protective order
16   guaranteeing the confidentiality of said information and limiting its use to this
     litigation. Upon the execution of and subject to a stipulated protective order a
17   copy of the handbook will be provided under the protections of said stipulation.
     Discovery in this matter is ongoing and Defendant reserves the right to provide
18   additional document (sic) as discovery continues.

19

20

21   Plaintiffs' rely on the same legal arguments as set forth in their analysis supporting

22   Request No. 12 to compel Defendants to provide documents that describe putative class

23   members' job duties while employed by Defendants. Defendants' have asserted that Plaintiffs

24   should use the 2009-2010 Union Agreement (Exhibit B, *supra*) as a means to classify and

25   obtain job titles for non-exempt hourly employees. *See* Jones Affidavit at ¶ 12-a. This response

26   is incomplete because Defendants have yet to provide copies of any and all documents that non-

27   exempt hourly employees sign when they are first hired that may include policy related

28

THERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

THERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

1   information, including any memorandums and/or action plans that would affect the employees'

2   understanding of his or her particular job duties, clock-in and clock-out procedures, banking

3   procedures, pre- and post-shift procedures, off-the-clock procedures and policies, and overtime

4   policies, pay and procedures.  *See* Jones Affidavit at ¶ 12-b.  Accordingly, this Court should

5   compel Defendants to provide complete documents related to the putative class members' job

6   duties or affirmatively state that Defendants have no other documents in response to this

7   request.

8       **9.**     **Request No. 13**: ANY DOCUMENTS that refer, reflect, or relate to hours
            worked by the CLASS MEMBERS during the CLASS PERIOD—i.e. clock-in
9           and clock-out data from DEFENDANT's timekeeping system. Please provide
            this information in a computer readable format.
10

11      **Response to Request No. 13:**
        Objection (sic) this request is premature as a class has not yet been certified, and
12      therefore Defendant cannot determine with specificity who the potential class
        members are for purposes of this response. Further objection is made in that
13      under *Montana Human Rights Division v. Billings* the Court found that there was
        an expectation of privacy in employment records which renders them
14      confidential. This expectation of privacy and confidentiality is not waived
        because an employee becomes an unwilling party to a lawsuit. Absent an order
15      of the court or authorization by the opting in of an individual employee, no
        records will be provided. Discovery in this matter is ongoing and Defendant
16      reserves the right to provide additional document (sic) as discovery continues.
17

18

19          Plaintiffs' rely on the same legal arguments as set forth in their analysis supporting

20  Request Nos. 11 and 12 to compel Defendants to provide documents that describe putative class

21  members' clock-in and clock-out data. This response is also incomplete because Defendants

22  have indicated that clock-in and clock-out data is available.  *See* Jones Affidavit at ¶ 12-c.

23  Accordingly, this Court should compel Defendants to provide the putative class members'

24  clock-in and clock-out data.

25      **10.**    **Request No. 14**: ANY DOCUMENTS that refer, reflect, or relate to time spent
            by CLASS MEMBERS each day retrieving and/or returning and reconciling a
26          cash bank of money prior to the start and/or after the end of their regularly
            scheduled shifts during the CLASS PERIOD, including but not limited to, the
27          time data stamp generated when an employee deposits his or her bank at the
28

THERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

automated bank drop. To the extent available, please provide all information responsive to this request in a computer readable format.

**Response to Request No. 14:**
Objection (sic) this request is premature as a class has not yet been certified, and therefore Defendant cannot determine with specificity who the potential class members are for purposes of this response. Further objection is made in that under *Montana Human Rights Division v. Billings* the Court found that there was an expectation of privacy in employment records which renders them confidential. This expectation of privacy and confidentiality is not waived because an employee becomes an unwilling party to a lawsuit. Absent an order of the court or authorization by the opting in of an individual employee, no records will be provided. Discovery in this matter is ongoing and Defendant reserves the right to provide additional document (sic) as discovery continues.

Plaintiffs' rely on the same legal arguments as set forth in their analysis supporting Request Nos. 11, 12 and 13 to compel Defendants to provide documents that refer, reflect, or relate to time spent by putative class members' retrieving and/or returning and reconciling cash banks prior to or at the end of their regularly scheduled shift. Accordingly, this Court should compel Defendants to provide complete documents related to the putative class members' banking activities or affirmatively state that Defendants have no other documents in response to this request.

11.    **Request No. 15:** ANY DOCUMENTS that refer, reflect, or relate to time spent by CLASS MEMBERS each day attending pre-shift meetings prior to the start of their regularly scheduled shifts during the CLASS PERIOD. To the extent available, please provide all information responsive to this request in a computer readable format.

**Response to Request No. 15:**
Objection (sic) this request is premature as a class has not yet been certified, and therefore Defendant cannot determine with specificity who the potential class members are for purposes of this response. Further objection is made in that under *Montana Human Rights Division v. Billings* the Court found that there was an expectation of privacy in employment records which renders them confidential. This expectation of privacy and confidentiality is not waived because an employee becomes an unwilling party to a lawsuit. Absent an order of the court or authorization by the opting in of an individual employee, no records will be provided. Discovery in this matter is ongoing and Defendant reserves the right to provide additional document (sic) as discovery continues.

PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES
AND REQUEST TO SUPPLEMENT PRODUCTION OF DOCUMENTS

THERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

Plaintiffs' rely on the same legal arguments as set forth in their analysis supporting Request Nos. 11, 12, 13, and 14 to compel Defendants to provide documents that refer, reflect, or relate to time spent by putative class members' attending pre-shift meetings banks prior to the start of their regularly scheduled shift. Accordingly, this Court should compel Defendants to provide complete documents related to the putative class members' banking activities or affirmatively state that Defendants have no other documents in response to this request.

12. **Request No. 16:** ANY DOCUMENTS that refer, reflect, or relate to time spent by CLASS MEMBERS each day completing paperwork and/or performing cleaning tasks prior to the start and/or after the end of their regularly scheduled shifts during the CLASS PERIOD. To the extent available, please provide all information responsive to this request in a computer readable format.

**Response to Request No. 16:**
Objection (sic) this request is premature as a class has not yet been certified, and therefore Defendant cannot determine with specificity who the potential class members are for purposes of this response. Further objection is made in that under *Montana Human Rights Division v. Billings* the Court found that there was an expectation of privacy in employment records which renders them confidential. This expectation of privacy and confidentiality is not waived because an employee becomes an unwilling party to a lawsuit. Absent an order of the court or authorization by the opting in of an individual employee, no records will be provided. Discovery in this matter is ongoing and Defendant reserves the right to provide additional document (sic) as discovery continues.

Plaintiffs' rely on the same legal arguments as set forth in their analysis supporting Request Nos. 11, 12, 13, 14, and 15 to compel Defendants to provide documents that refer, reflect, or relate to time spent by putative class members' completing paperwork and/or performing cleaning tasks prior to and/or after the end of their regularly scheduled shift. Accordingly, this Court should compel Defendants to provide complete documents related to the putative class members' banking activities or affirmatively state that Defendants have no other documents in response to this request.

13. **Request No. 17:** ANY DOCUMENTS that refer, reflect, or relate to time spent by CLASS MEMBERS each day attending mandatory trainings and/or exercise classes prior to the start of their regularly scheduled shifts during the CLASS

THERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

PERIOD. To the extent available, please provide all information responsive to this request in a computer readable format.

**Response to Request No. 17:**
Objection (sic) this request is premature as a class has not yet been certified, and therefore Defendant cannot determine with specificity who the potential class members are for purposes of this response. Further objection is made in that under *Montana Human Rights Division v. Billings* the Court found that there was an expectation of privacy in employment records which renders them confidential. This expectation of privacy and confidentiality is not waived because an employee becomes an unwilling party to a lawsuit. Absent an order of the court or authorization by the opting in of an individual employee, no records will be provided. Discovery in this matter is ongoing and Defendant reserves the right to provide additional document (sic) as discovery continues.

Plaintiffs' rely on the same legal arguments as set forth in their analysis supporting Request Nos. 11, 12, 13, 14, 15, and 16 to compel Defendants to provide documents that refer, reflect, or relate to time spent by putative class members' attending mandatory trainings and/or exercise classes prior the start of their regularly scheduled shift. Accordingly, this Court should compel Defendants to provide complete documents related to the putative class members' banking activities or affirmatively state that Defendants have no other documents in response to this request.

14.   **Request No. 18:** ANY DOCUMENTS that refer, reflect, or relate to any investigation, inquiry, or correspondence directed to or mentioning the name of, or in the possession of the DEFENDANT, such documents originating with either the Nevada Labor Commissioner or the United States Department of Labor, such documents mentioning or referring to any claims for unpaid wages (of any sort) by ANY of DEFENDANT's hourly non-exempt employees who were required by DEFENDANT to retrieve and/or return and reconcile a cash bank prior to the start and/or after the end of their regularly scheduled shifts. This request includes the production of all documents generated as a result of, or used in connection with, ANY audit conducted by or of the DEFENDANT in connection with ANY claims for unpaid wages by such persons. This request is not limited to any time frame.

**Response to Request No. 18:**
Objection (sic) this request is premature as a class has not yet been certified, and therefore Defendant cannot determine with specificity who the potential class members are for purposes of this response. Further objection is made in that under *Montana Human Rights Division v. Billings* the Court found that there was

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

an expectation of privacy in employment records which renders them confidential. This expectation of privacy and confidentiality is not waived because an employee becomes an unwilling party to a lawsuit. Absent an order of the court or authorization by the opting in of an individual employee, no records will be provided. Further objection is made that this request is overbroad in that it is not limited to a specific time period and seeks documents which are confidential and proprietary and is not limited to class members. Discovery is ongoing and the Defendant reserves the right to supplement this response.

Plaintiffs' rely on the same legal arguments as set forth in their analysis supporting Request Nos. 11, 12, 13, 14, 15, 16 and 17 to compel Defendants to provide documents that refer to any claims for unpaid wages (of any sort) by any of Defendants' hourly non-exempt employees who carried a cash bank. This response is also incomplete because Defendants have yet to confirm that Defendants have not, in fact, been part of any investigations originating with the Nevada Labor Commission or the United States Department of Labor mentioning claims for unpaid wages, pre-shift meetings, trainings, classes, and pre- or post-shift activities. *See* Jones Affidavit at ¶ 12-d. Accordingly, this Court should compel Defendants to provide complete documents related to the putative class members' banking activities or affirmatively state that Defendants have no other documents in response to this request.

15. **Request No. 19:** ANY DOCUMENTS that refer, reflect, or relate to any investigation, inquiry, or correspondence directed to or mentioning the name of, or in the possession of the DEFENDANT, such documents originating with either the Nevada Labor Commissioner or the United States Department of Labor, such documents mentioning or referring to any claims for unpaid wages (of any sort) by ANY of DEFENDANT's hourly non-exempt employees who were required by DEFENDANT to attend pre-shift meetings prior to the start of their regularly scheduled shifts. This request includes the production of all documents generated as a result of, or used in connection with, ANY audit conducted by or of the DEFENDANT in connection with ANY claims for unpaid wages by such persons. This request is not limited to any time frame.

**Response to Request No. 19:**
Objection (sic) this request is premature as a class has not yet been certified, and therefore Defendant cannot determine with specificity who the potential class members are for purposes of this response. Further objection is made in that under *Montana Human Rights Division v. Billings* the Court found that there was an expectation of privacy in employment records which renders them confidential. This expectation of privacy and confidentiality is not waived

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

because an employee becomes an unwilling party to a lawsuit. Absent an order of the court or authorization by the opting in of an individual employee, no records will be provided. Further objection is made that this request is overbroad in that it is not limited to a specific time period and seeks documents which are confidential and proprietary and is not limited to class members. Discovery is ongoing and the Defendant reserves the right to supplement this response.

Plaintiffs' rely on the same legal arguments as set forth in their analysis supporting Request Nos. 11, 12, 13, 14, 15, 16, 17 and 18 to compel Defendants to provide documents that refer to any claims for unpaid wages (of any sort) by any of Defendants' hourly non-exempt employees who were required to attend pre-shift meetings.  This response is also incomplete because Defendants have yet to confirm that Defendants have not, in fact, been part of any investigations originating with the Nevada Labor Commission or the United States Department of Labor mentioning claims for unpaid wages, pre-shift meetings, trainings, classes, and pre- or post-shift activities.  *See* Jones Affidavit at ¶ 12-d.  Accordingly, this Court should compel Defendants to provide complete documents related to the putative class members' banking activities or affirmatively state that Defendants have no other documents in response to this request.

16. **Request No. 20:** ANY DOCUMENTS that refer, reflect, or relate to any investigation, inquiry, or correspondence directed to or mentioning the name of, or in the possession of the DEFENDANT, such documents originating with either the Nevada Labor Commissioner or the United States Department of Labor, such documents mentioning or referring to any claims for unpaid wages (of any sort) by ANY of DEFENDANT's hourly non-exempt employees who were required by DEFENDANT to completing (sic) paperwork and/or performing cleaning tasks prior to the start and/or after the end of their regularly scheduled shifts. This request includes the production of all documents generated as a result of, or used in connection with, ANY audit conducted by or of the DEFENDANT in connection with ANY claims for unpaid wages by such persons. This request is not limited to any time frame.

**Response to Request No. 20:**
Objection (sic) this request is premature as a class has not yet been certified, and therefore Defendant cannot determine with specificity who the potential class members are for purposes of this response. Further objection is made in that under *Montana Human Rights Division v. Billings* the Court found that there was an expectation of privacy in employment records which renders them confidential. This expectation of privacy and confidentiality is not waived

PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUEST TO SUPPLEMENT PRODUCTION OF DOCUMENTS

THERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

because an employee becomes an unwilling party to a lawsuit. Absent an order of the court or authorization by the opting in of an individual employee, no records will be provided. Further objection is made that this request is overbroad in that it is not limited to a specific time period and seeks documents which are confidential and proprietary and is not limited to class members. Discovery is ongoing and the Defendant reserves the right to supplement this response.

Plaintiffs' rely on the same legal arguments as set forth in their analysis supporting Request Nos. 11, 12, 13, 14, 15, 16, 17, 18 and 19 to compel Defendants to provide documents that refer to any claims for unpaid wages (of any sort) by any of Defendants' hourly non-exempt employees who were required to complete paperwork and/or perform cleaning tasks prior to the start and/or after the end of their regularly scheduled shifts.  This response is also incomplete because Defendants have yet to confirm that Defendants have not, in fact, been part of any investigations originating with the Nevada Labor Commission or the United States Department of Labor mentioning claims for unpaid wages, pre-shift meetings, trainings, classes, and pre- or post-shift activities.  *See* Jones Affidavit at ¶ 12-d.  Accordingly, this Court should compel Defendants to provide complete documents related to the putative class members' banking activities or affirmatively state that Defendants have no other documents in response to this request.

17.     **Request No. 21**: ANY DOCUMENTS that refer, reflect, or relate to any investigation, inquiry, or correspondence directed to or mentioning the name of, or in the possession of the DEFENDANT, such documents originating with either the Nevada Labor Commissioner or the United States Department of Labor, such documents mentioning or referring to any claims for unpaid wages (of any sort) by ANY of DEFENDANT's hourly non-exempt employees who were required by DEFENDANT to attend mandatory trainings and/or exercise classes to the start and/or after the end of their regularly scheduled shifts. This request includes the production of all documents generated as a result of, or used in connection with, ANY audit conducted by or of the DEFENDANT in connection with ANY claims for unpaid wages by such persons. This request is not limited to any time frame.

**Response to Request No. 21**:
Objection (sic) this request is premature as a class has not yet been certified, and therefore Defendant cannot determine with specificity who the potential class members are for purposes of this response. Further objection is made in that

THERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

under *Montana Human Rights Division v. Billings* the Court found that there was an expectation of privacy in employment records which renders them confidential. This expectation of privacy and confidentiality is not waived because an employee becomes an unwilling party to a lawsuit. Absent an order of the court or authorization by the opting in of an individual employee, no records will be provided. Further objection is made that this request is overbroad in that it is not limited to a specific time period and seeks documents which are confidential and proprietary and is not limited to class members. Discovery is ongoing and the Defendant reserves the right to supplement this response.

Plaintiffs' rely on the same legal arguments as set forth in their analysis supporting Request Nos. 11, 12, 13, 14, 15, 16, 17, 18, 19, and 20 to compel Defendants to provide documents that refer to any claims for unpaid wages (of any sort) by any of Defendants' hourly non-exempt employees who were required to attend mandatory trainings and/or exercise classes prior to the start and/or after the end of their regularly scheduled shifts. This response is incomplete because Defendants have yet to confirm that Defendants have not, in fact, been part of any investigations originating with the Nevada Labor Commission or the United States Department of Labor mentioning claims for unpaid wages, pre-shift meetings, trainings, classes, and pre- or post-shift activities. *See* Jones Affidavit at ¶ 12-d. Accordingly, this Court should compel Defendants to provide complete documents related to the putative class members' banking activities or affirmatively state that Defendants have no other documents in response to this request.

## IV.  **CONCLUSION**

As evidenced by the responses above, Defendants have failed to comply with their discovery obligations in this case. Plaintiffs will suffer prejudice if they are unable to conduct meaningful inquiry into class allegations as a result of Defendants' failure to fully answer Plaintiffs' interrogatory and failure to supplement Plaintiffs' request for documents. For the reasons set forth above, the court should grant Plaintiffs' Motion to Compel Defendants' Responses to Discovery Requests and order Defendants to provide: (1) responses to Plaintiffs' First Interrogatory; and (2) supplemental responses and produce documents responsive to Plaintiffs' First Set of Requests for Production of Documents Nos. 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, and 21.

1      In addition, pursuant to FRCP 37(a)(5)(A) Plaintiffs respectfully request that the Court

2 require Defendants to pay reasonable expenses, including attorney fees, incurred by Plaintiffs in

3 bringing this Motion.

4

5 DATED this 11th day of March, 2014.      THIERMAN LAW FIRM

6

7                                                   Mark R. Thierman

8                                                   Joshua D. Buck

9                                                   Leah L. Jones

10                                                   *Attorneys for Plaintiffs*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES
AND REQUEST TO SUPPLEMENT PRODUCTION OF DOCUMENTS