Mark R. Thierman, Nev. Bar No. 8285
mark@thiermanlaw.com
Joshua D. Buck, Nev. Bar No. 12187
josh@thiermanlaw.com
Leah L. Jones, Nev. Bar No. 13161
leah@thiermanlaw.com
THIERMAN LAW FIRM, P.C.
7287 Lakeside Drive
Reno, Nevada 89511
Tel. (775) 284-1500
Fax. (775) 703-5027

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TIFFANY SARGANT, BAILEY CRYDERMAN, HUONG ("ROSIE") BOGGS, and JACQULYN WIEDERHOLT, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HG STAFFING, LLC, MEI-GSR HOLDINGS LLC d/b/a GRAND SIERRA RESORT, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 3:13-CV-453-LRH-WGC<br><br>**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM FOR THE MOTION TO COMPEL HEARING IN RESPONSE TO DEFENDANTS' PRODUCTION OF DEFENDANTS SECOND SET OF DISCOVERY DOCUMENTS** |

As requested, Plaintiffs hereby submit the following Supplemental Memorandum in response to Defendants' Second Supplemental production of documents. See Exhibit A (hereinafter, "Ogden Emails"). Plaintiffs submit this Supplemental Memorandum on April 15, 2014 in preparation for the scheduled, Thursday, April 17, 2014 Motion to Compel Hearing in front of Judge Cobb. See Doc. 33. Plaintiffs are providing an email copy of this Memorandum

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM FOR MOTION TO COMPEL HEARING

1  and all attachments to Defendants' counsel. See, Ogden Email dated 4/15/2014 (received at
2  12:22 p.m.).

## I. INTRODUCTION

Defendants' supplied Plaintiffs with Defendants' Second Supplement Disclosures via U.S. Mail, which arrived at the office of Plaintiffs' counsel in the late afternoon of Monday, April 14, 2014, two days prior to the scheduled hearing on Plaintiffs' Motion to Compel. This Memorandum is submitted for three reasons. First, at the request of the Honorable Magistrate Judge Cobb to advise him of the deficiencies that remain in Defendants' disclosures. Second, to reiterate that Plaintiffs are still entitled to attorneys fees and costs for having expended significant costs, time, and resources in bringing this Motion, even though some of the information Plaintiffs sough to compel has been produced at this late hour. Third, to request that the scheduling order be adjusted to reflect the delay caused by Defendants' failure to timely provide discovery documents.

## II. DISCUSSION

### A. Defendants' Second Supplemental Disclosures are Still Deficient

As set forth below, Defendants' Second Supplement Disclosures are still deficient for a variety of reasons. Defendants' Second Supplemental Disclosures include the following documents: (1) GSR 1757 – 1811 "Employee Manuel (sic); (2) GSR 2057-2132 "HR Documents"; (3) GSR 2133-2136 "ServeTainer"; (4) GSR 2137 "SOP Servtainers"; (5) GSR 2138 "Copy of Cocktail PM"; (6) GSR 1687-1756 "Culinary Union Contract"; (7) GSR 1812-2056 "Employee Hourly Data"; and (8) and Excel Spreadsheet entitled "HourlyEmpData Bate stamped 1812-2056."

Plaintiffs acknowledge that the supplemental disclosures listed above have provided sufficient disclosures for Plaintiffs Request No. 11 (ANY employee manuals, handbooks, memorandums, and/or policies given, addressed, or directed to CLASS MEMBERS during the

**THIERMAN LAW FIRM, PC**
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

CLASS PERIOD).  However these disclosures fail to cure the Defendants' deficient responses to Plaintiffs Interrogatory No. 1 and Requests 5, 6, 10, 13-21.[1]

1. Interrogatory No. 1.

Defendants have only provided partial responses to Interrogatory No. 1 through their disclosure of (7) "Employee Hourly Data" and (8) the Excel Spreadsheet "HourlyEmpData." This response *is still deficient* because these two documents contain the same information; (7) is a 245-page Word format document and (8) is an Excel format document that include *only* the following information: employee I.D. number, last name, first name, middle initial, street address, city, zip code, county, country, phone number, date of hire, date of termination, last date worked, and a column for "primary_pay_record" which includes "BASEHR" in each and every row for each and every employee listed. These documents *do not* include job title, job classification, of rate of pay.

2. Request No. 5.

Defendants' response is still incomplete. None of the documents supplied in Defendants Supplemental Disclosures include data on Ms. Boggs and Ms. Wiederholt, the subject of the deficiency Plaintiffs pointed out in their original meet and confer communication with Defendants dated January 24, 2014. *See* Exhibit D to Plaintiffs Motion to Compel.  Defendants have yet to provide this data.

3. Requests Nos. 6, 10, 13-17

The disclosure of (7) "Employee Hourly Data" and (8) the Excel Spreadsheet "HourlyEmpData" *is still incomplete* because these two documents contain the same information; (7) is a 245-page Word format document and (8) is an Excel format document that include *only* the following information: employee I.D. number, last name, first name, middle initial, street address, city, zip code, county, country, phone number, date of hire, date of termination, last date worked, and a column for "primary_pay_record" which includes "BASEHR" in each and every row for each and every employee listed. These documents *do not*

---

[1] Plaintiffs Interrogatories and Requests are specifically set forth in their motion and reply papers currently before this Court.

include clock-in or clock-out data or documents related to time spent by Plaintiffs and putative Class Members completing job tasks such as banking activities, pre-shift meetings, completing paperwork, cleaning, or attending training/exercise classes.

Defendants had indicated that time data including separate security clock-in/swipe-in times and actual clock-in, clock-out shift data was maintained and that it would be provided. *See* Exhibit E to Plaintiffs Motion to Compel and the Affidavit of Leah L. Jones included in Plaintiffs Motion to Compel at ¶ 12-c. Defendants have yet to provide this data.

    4.    <u>Request Nos. 18-21</u>

Defendants have yet to provide these documents or provide a definitive answer to the existence of responsive documents.

**B.**    **<u>Plaintiffs are Entitled to Attorneys' Fees for Having to Bring This Motion</u>**

Because Defendants Supplemental disclosures are still deficient and because Plaintiffs and this Court have had to expend significant costs, time, and resources in bringing this Motion Plaintiffs respectfully request that the Court grant Plaintiffs all fees and costs associated with this Motion. Moreover, Defendants should not be absolved from compensating Plaintiffs for the attorneys' fees and costs associated with having to pursue a motion to compel discovery on the few items that Defendants actually disclosed at this late hour.

**C.**    **<u>Plaintiffs Request an Adjustment to the Scheduling Order Due to the Prejudiced Caused by Defendants' Undue Delay in Providing Discovery</u>**

Plaintiffs respectfully request that the Court adjust the Scheduling Order to reflect the loss of over four months of the discovery period due to Defendants' delay.[2] Plaintiffs request that the all of the Scheduling Order dates be adjusted to reflect a new dates at least sixty (60) days after the dates originally set forth in the Scheduling Order.

/ / /

/ / /

---

[2] The Scheduling Order was issue on October 22, 2013 (*see* Doc. 17) which effectively activated the Discovery period. Plaintiffs propounded the Interrogatory and Requests For Production that are the subject of this hearing on November 11, 2013. This hearing is being held on April 17, 2014, 126 days after Defendants answers were due, or 4 months and 5 days later.

- 4 -
PLAINTIFFS' SUPPLEMENTAL MEMORANDUM FOR MOTION TO COMPEL HEARING

### III. <u>CONCLUSION</u>

As evidenced by the above Supplemental Memorandum to Defendants' Opposition to Plaintiffs' Motion to Compel, Defendants have failed to comply with their discovery obligations in this case. Plaintiffs will suffer prejudice if they are unable to conduct meaningful inquiry into class allegations as a result of Defendants' failure to fully answer Plaintiffs' interrogatory and failure to supplement Plaintiffs' request for documents. For the reasons set forth above, the court should grant Plaintiffs' Motion to Compel Defendants' Responses to Discovery Requests and grant Plaintiffs' attorneys fees and costs for having expended significant costs, time, and resources in bringing this Motion. Plaintiffs also request that the Court address Plaintiffs requests in regard to updating the Scheduling Order.

DATED this 15th day of April, 2014.          THIERMAN LAW FIRM

*/s/Leah L. Jones*
Mark R. Thierman
Joshua D. Buck
Leah L. Jones

*Attorneys for Plaintiffs*
