**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| TIFFANY SARGANT, et. al., | 3:13-cv-00453-LRH-WGC |
| Plaintiffs, | **ORDER** |
| v. | |
| HG STAFFING, LLC et. al., | |
| Defendants. | |

Before the court is a motion to compel (Doc. # 26)[1] filed by Plaintiffs Tiffany Sargant, Bailey Cryderman, Huong ("Rosie") Boggs, and Jacqulyn Wiederholt, on behalf of themselves and all others similarly situated (collectively, Plaintiffs). Defendants HG Staffing, LLC, MEI-GSR Holdings LLC d/b/a Grand Sierra Resort (collectively, GSR) filed a response. (Doc. # 29.) Plaintiffs filed a reply (Doc. # 31) as well as a supplemental memorandum in support of their motion (Doc. # 34). The court held a hearing on Plaintiffs' motion on April 17, 2014, and issues the instant Order.

## I. SUMMARY OF ACTION

Plaintiffs have brought a collective and class action complaint on behalf of themselves and all others similarly situated against GSR alleging that GSR: (1) failed to pay wages for all hours worked in violation of 29 U.S.C. § 201, *et. seq.*; (2) failed to pay overtime in violation of 29 U.S.C. § 207; (3) failed to pay overtime at the correct rate in violation of 29 U.S.C. § 207; (4) failed to compensate for all hours worked in violation of Nev. Rev. Stat. 608.140 and 608.016; (5) failed to pay minimum wages in violation of the Nevada Constitution and Nev. Rev. Stat. 608.250; (6) failed to pay overtime in violation of Nev. Rev. Stat. 608.140 and 608.018; (7) failed to timely pay all wages due and owing in violation of Nev. Rev. Stat 608.140 and 608.020-050; and (8) made unlawful chargebacks in violation of Nev. Rev. Stat. 608.140 and 608.100.

---

[1] Refers to court's docket number.

1   (*See* Doc. # 26 at 7:4-16; First Am. Compl., Doc. # 10.)

2   The action was originally filed in the Second Judicial District Court of the State of
3   Nevada and was removed to the United States District Court by GSR on June 21, 2013. (*See*
4   Doc. # 6.) Plaintiffs filed their First Amended Complaint on August 23, 2013. (Doc. # 10.) GSR
5   answered on October 1, 2013. (Doc. # 14.) The parties have entered into stipulated protective
6   order governing confidential information which was approved by the court. (Docs. # 24, # 25.)

7   As indicated above, Plaintiffs have brought this case as a collective action under the Fair
8   Labor Standards Act (FLSA) and as a class action under various provisions of the Nevada
9   Revised Statutes. A collective action is a form of class action status unique to the FLSA. *See* 29
10  U.S.C. § 216(b). It allows an action to be commenced against an employer who has allegedly
11  violated the provisions of 29 U.S.C. § 206 or § 207 by any an employee on behalf of him or
12  herself or other similarly situated employees; however, no employee is considered a party-
13  plaintiff until he or she consents in writing to such and the consent is filed in the court where the
14  action is brought. 29 U.S.C. § 216(b).

15  With the case being removed to federal court, Federal Rule of Civil Procedure 23 governs
16  class certification insofar as Plaintiffs claims for violations of Nevada law are concerned.
17  Plaintiffs have not yet filed a motion for class certification under Federal Rule of Civil Procedure
18  23 for the claims arising under Nevada law; instead, Plaintiffs have indicated they reserve their
19  right to do so at a later time. (*See* Doc . # 18 at 9 n. 3.)

20  With respect to Plaintiff's FLSA claims, Plaintiffs' motion for circulation of notice
21  pursuant to 29 U.S.C. § 216(b) is currently fully briefed and pending before United States
22  District Judge Larry R. Hicks. (*See* Docs. # 18, # 19, # 20, # 21, # 23.) In analyzing this motion,
23  the court's inquiry is focused on whether the potential plaintiffs are "similarly situated" to create
24  an opt-in class under 29 U.S.C. §  216(b). *See Lewis v. Nevada Property 1, LLC*, No. 2:12-cv-
25  01564-MMD-GWF, 2013 WL 237098, at * 7 (D. Nev. Jan. 22, 2013) (citing *Davis v. Westgate*
26  *Planet Hollywood Las Vegas*, No. 2:08-cv-00722-RCJ-PAL, 2009 WL 102735, at * 9 (D. Nev.
27  Jan. 12, 2009)); *see also Kinney Shoe Corp. v. Vorhes*, 564 F.2d 859, 862 (9th Cir. 1977)
28  (requirements for class certification under Fed. R. Civ. P. 23(a) do not apply to claims arising

under the FLSA).

Plaintiffs have now filed a motion to compel responses to discovery. While the Plaintiffs have brought this case as a collective action under the FLSA and a class action under Federal Rule of Civil Procedure 23, the analysis of the parameters of allowable discovery as applied to the discovery disputes raised remains the same.

## II. MOTION TO COMPEL

Plaintiffs seek an order compelling GSR to respond completely to an interrogatory and to produce documents responsive to various requests for production of documents (RFPs). (Doc. # 26.) Defendants responded to Plaintiffs' motion to compel (Doc # 29) and Plaintiff replied (Doc. # 31). Plaintiff also filed a supplemental memorandum (Doc. # 34) after Plaintiff received Defendants' Second Supplemental Disclosures.

Plaintiffs' initial dispute concerned GSR's response to its single interrogatory and to RFPs 5 through 21. (Doc. # 26.) In subsequent filings, Plaintiffs confirmed that after filing their motion GSR provided supplemental responses, resolving the dispute as to RFPs 7-9 and 11 and providing some of the information requested in the interrogatory. Therefore, this Order will only address RFPs 5, 6, 10, and 12-21 and the remaining information in dispute in the interrogatory.

## III. LEGAL STANDARD

**A. Motion to Compel**

Rule 37 of the Rules of Civil Procedure authorizes a party to file a motion to compel an answer to an interrogatory under Rule 33 as well as the production or inspection of documents under Rule 34. Fed. R. Civ. P. 37(a)(1), (3)(B)(iii), (iv). For purposes of Rule 37, an "evasive or incomplete disclosure" is treated as a failure to respond. Fed. R. Civ. P. 37(a)(4).

**B. Scope of Discovery**

Litigants "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). In addition, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. The relevance standard is one that is

1  necessarily broad in scope so as to "encompass any matter that bears on, or that reasonably could
2  lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer*
3  *Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501
4  (1947)). However, relevancy is not without "ultimate and necessary boundaries." *Hickman*, 329
5  U.S. at 507. Courts have broad discretion to determine relevancy for discovery purposes.

### IV. DISCUSSION

**A. The Interrogatory**

Plaintiffs served a single interrogatory on GSR, asking it to identify each putative class member, including their address, telephone number, email address, job title, job classification, dates of employment and rate of pay. (Doc. # 26-1 at 1-4.)

GSR asserted several pages of boilerplate general objections, followed by a page of "definitions of specific objections," and then objected that the interrogatory was premature because the court had not yet certified a class, and absent class certification, providing this information would violate the privacy rights of these employees. (Doc. # 26-3.)

Relying on *Putnam v. Eli Lilly Co.*, 508 F.Supp.2d 812 (C.D. Cal. 2007), Plaintiffs argue they are entitled to discover this information about the putative class members. (Doc. # 26 at 11.) In their response, GSR stated that they would be providing a supplemental response to Plaintiffs including a list of the approximately 2300 putative class members. (Doc. # 29 at 2.) In their supplemental memorandum, Plaintiffs acknowledged that GSR subsequently provided all of the requested information in a supplemental response except the putative class members' job title, job classification and rate of pay. (Doc. # 34.)

The line of authority relied on by Plaintiffs to support their argument that GSR should have to produce the information requested in the interrogatory involved a class action governed by Federal Rule of Civil Procedure 23. Neither Plaintiffs nor GSR addressed whether discovery of this information is permissible in a collective action brought under the FLSA. The parties also failed to address whether discovery of this information is permissible prior to conditional certification of the collective action. Defendants' primary objection to Plaintiffs' discovery was predicated upon "an expectation of privacy in employment records which renders them

confidential," citing a 1982 Montana Supreme Court decision, *Montana Human Rights Division v. Billings*, 199 Mont. 434, 649 P.2d 1283 (1982). *See, e.g.*, Doc. # 29 at 6.

That being said, the court finds the inquiry into Rule 23's commonality and typicality requirements to be somewhat analogous to the "similarly situated" analysis in a collective action brought under the FLSA. The court acknowledges that courts in this circuit have routinely allowed the pre-certification discovery of contact information (names, addresses, telephone numbers, and in recent cases even email addresses) of putative class members in wage and hour class action litigation in cases governed by Rule 23. *See, e.g., Bell v. Delta Air Lines, Inc.*, No. C 13-01199 YGR (LB), 2014 WL 985829, at * 3 (N.D. Cal. Mar. 7, 2014); *Coleman v. Jenny Craig, Inc.*, Civil No. 11-cv-1301-MMA (DHB), 2013 WL 2896884 (S.D. Cal. June 12, 2013); *Willner v. Manpower, Inc.*, No. C 11-2846 JSW (MEJ), 2012 WL 4902994 (N.D. Cal. Oct. 16, 2012); *Brian Algee v. Nordstrom, Inc.*, No. C 11-301 CW (MEJ), 2012 WL 1575314 (N.D. Cal. May 3, 2012); *Artis v. Deere & Co.*, 276 F.R.D. 348 (N.D. Cal. June 29, 2011); *Currie-White v. Blockbuster, Inc.*, 2010 WL 1526314, at * 2 (N.D. Cal. Apr. 15, 2010); *Putnam v. Eli Lilly & Co.*, 508 F.Supp.2d 812, 814 (C.D. Cal. 2007).

The court finds the reasoning employed by these courts in cases governed by Rule 23 to be applicable to a case brought as a collective action under the FLSA. In order to have their collective action certified under the FLSA, the Plaintiffs must show that they are "similarly situated" to the potential plaintiffs. As a result, identifying the potential Plaintiffs is certainly essential, and therefore relevant, to this inquiry, as it is in connection with class certification under Rule 23.

To the extent GSR objects to the disclosure of basic contact information on the basis that it constitutes an invasion of these employees' right to privacy, that objection is overruled. Again, the court finds the analysis employed by district courts in this circuit in the context of a class action governed by Rule 23 to be applicable. "When the constitutional right of privacy is involved, 'the party seeking discovery must demonstrate a compelling need for discovery, and that compelling need must be so strong as to outweigh the privacy right when these two competing interests are carefully balanced." *Artis v. Deere & Co.*, 276 F.R.D. 348, 352 (N.D.

1  Cal. 2011) (quoting *Wiegele v. FedEx Ground Package Sys.*, 2007 WL 628041, at * 2 (S.D. Cal.
2  Feb. 8, 2007)). "Even when discovery of private information is found directly relevant to the
3  issues of ongoing litigation, it will not be automatically allowed; there must then be a 'careful
4  balancing' of the 'compelling public need' for discovery against the 'fundamental right of
5  privacy." *Id*. (internal quotation marks and citation omitted).

6  Here, the potential plaintiffs basic contact information (name, address, telephone number,
7  e-mail address) may allow Plaintiffs to obtain relevant discoverable information to show that
8  they are "similarly situated" for purposes of a collective action brought under the FLSA. In the
9  context of an action governed by Rule 23, courts have determined that this basic contact
10  information is less sensitive than "more intimate privacy interests such as compelled disclosure
11  of medical records and personal histories." *Id*. at 353 (citation omitted). As such, the privacy
12  objection must yield to Plaintiffs' request for this information. Moreover, the protective order
13  entered into by the parties and approved by the court will protect the privacy interests of these
14  putative class members insofar as this information is concerned.

15  Since GSR has provided this basic information at this point, the court will now address
16  the request for the job duties, job classification and rate of pay for each putative class member,
17  which was not specifically addressed in the parties' briefing. Plaintiffs seem to suggest that
18  *Putnam* stands for the proposition that this information is also required to be produced. A review
19  of *Putnam*, however, reveals that the court only required the disclosure of the names, addresses,
20  and telephone numbers of the putative class members. *Putnam*, 508 F.Supp.2d at 814-15. Neither
21  the Plaintiffs nor GSR cited any authority related to the production of this information in a
22  collective action brought under the FLSA.

23  A decision from the Southern District of California recently analyzed whether a plaintiff
24  bringing a putative wage and hour class action governed by Rule 23 was entitled to discover
25  information including work schedules, clock-in and clock-out data and schedules of meeting.
26  *Coleman v. Jenny Craig, Inc.*, Civil No. 11-cv-1301-MMA (DHB), 2013 WL 2896884 (S.D. Cal.
27  June 12, 2013). In that case, like GSR here, the defendant objected to providing this information
28  on privacy grounds (among other concerns). The court found that these records were clearly

- 6 -

1  relevant, and then engaged in a balancing of the need for discovery against the right of privacy of
2  the employees. *Id*. at * 8-10. The court concluded that the production of the time card and work
3  schedule information was not likely to significantly invade anyone's privacy and compelled the
4  defendant to produce these records. *Id*.

5  Here, the court similarly finds that the job duties and classifications of the potential
6  plaintiffs are clearly relevant to whether they are similarly situated to the named plaintiffs and
7  the production of this information is unlikely to significantly invade the privacy of the putative
8  class members. Therefore, to the extent Plaintiffs seek an order compelling GSR to provide this
9  information, the motion is **GRANTED**.

10  The only remaining issue with respect to Plaintiffs' interrogatory is the request for the
11  rate of pay for each potential plaintiff. The court in *Coleman* confronted a similar issue when the
12  plaintiff requested payroll records of the putative class members and found that these documents
13  contained more confidential and sensitive information than contact information or time records.
14  *Id*. at * 11. Consistent with that decision, the court finds that the privacy concerns inherent in the
15  discovery of the pay rates for each of the potential opt-in plaintiffs which would come from
16  payroll records outweigh Plaintiffs' asserted need for this information. If the action is
17  conditionally certified, Plaintiffs may then address obtaining this information from the opt-in
18  plaintiffs. Accordingly, Plaintiffs' motion to compel GSR to provide the pay rate information is
19  **DENIED WITHOUT PREJUDICE**.

20  In sum, Plaintiffs' motion to compel GSR to provide a complete response to its
21  interrogatory is **GRANTED IN PART AND DENIED IN PART**, as described above.
22  Responsive information shall be provided on or before **May 16, 2014**.[2]

23  **B. Requests for Production of Documents**

24  RFPs 5, 6 and 10 request documents concerning the named Plaintiffs only. (Doc. # 26-2
25  at 5-6.) RFPs 12-21 request documents related to the potential opt-in plaintiffs. (Doc. # 26-2 at 6-
26  8.) The court will now address each of these RFPs, in turn, categorizing similar requests together

---

[2] At the hearing, GSR confirmed that this was an "outside deadline" and that much of the information will in all likelihood be provided to Plaintiffs at an earlier date. This applies to the interrogatory as well as the RFPs.

- 7 -

1 where possible.

2 **1. RFPs 5 and 6**

3 These RFPs seek the production of documents relating to payments made for hours
4 worked, including pay statements and clock-in and clock-out data from GSR's timekeeping
5 system.

6 In their response, GSR identified the employment records produced in its initial
7 disclosures for the named plaintiffs. Plaintiffs argued this response was incomplete because GSR
8 failed to provide complete records for Ms. Boggs and Ms. Wiederholt. In its responsive
9 memorandum, GSR represented that it would produce the complete records, but as of the date of
10 the hearing on Plaintiffs' motion this had not been done. Moreover, Plaintiffs argued that they
11 were not provided with "swipe data" which reflects the time that these employees entered and
12 exited the property and clocked-in and clocked-out for their shifts. Therefore, Plaintiffs' motion
13 to compel is **GRANTED** with respect to RFPs 5 and 6 and GSR is ordered to produce complete
14 records for Ms. Boggs and Ms. Wiederholt as well as the "swipe data" for the named Plaintiffs
15 on or before **May 16, 2014.**

16 **2. RFP 10**

17 This RFP seeks documents that reflect time spent by these Plaintiffs attending mandatory
18 training or exercise classes before or after their scheduled shift. (*Id.*)

19 In response to RFP 10, GSR identified the employment records of the named Plaintiffs.
20 Plaintiffs argue that these records did not contain any documents responsive to this request.
21 Specifically, they argued that Ms. Cryderman worked in a position that should result in the
22 production of documents responsive to this request. GSR represented that its understanding was
23 that Ms. Cryderman did not work in such a position. Plaintiffs' motion to compel is **GRANTED**
24 such that GSR is required to perform an additional search of its records to determine if
25 responsive documents exist with respect to Ms. Cryderman for her relevant employment dates of
26 November 28, 2012 through April 24, 2013, and if such documents do exist they shall be
27 produced on or before **May 16, 2014**.

28 ///

### 3. RFP 12

RFP 12 seeks documents describing the putative class members' job duties. (*Id*. at 6.) GSR objected to this request on the grounds that the class has not yet been certified and production of this data would violate the putative class members' privacy rights.

Consistent with its analysis and ruling on Plaintiffs' motion to compel a response to their interrogatory, GSR's objection is overruled and Plaintiffs' motion to compel a response to RFP 12 is **GRANTED**.

### 4. RFP 13

RFP 13 seeks clock-in and clock-out data for the putative class members. (*Id*.) Defendants likewise objected to this request on the grounds that the class has not yet been certified and production of this data would violate the putative class members' privacy rights.

As it ruled with respect to the interrogatory, Plaintiffs are entitled to discovery of the clock-in and clock-out data and "swipe data" for the potential opt-in plaintiffs. Therefore, GSR's objection to this RFP is overruled and Plaintiffs' motion to compel a response to RFP 13 is **GRANTED**. Responsive documents shall be produced on or before **May 16, 2014**.

### 5. RFPs 14-17

RFPs 14-17 seek documents that reflect time spent by putative class members: retrieving or returning and reconciling a cash bank of money before or after their scheduled shift; attending pre-shift meetings; completing paperwork or performing cleaning tasks before or after their scheduled shift; attending mandatory training or exercise classes before or after their scheduled shift. (*Id*. at 6-7.)

GSR has objected to producing documents responsive to these RFPs on the grounds that a class has not yet been certified and it would require the production of documents containing personal and confidential information in violation of the putative class members' privacy rights.

This information is relevant to class certification and Plaintiffs' underlying claims. Production of this information will not significantly impinge on the privacy rights of the potential opt-in plaintiffs; therefore, Plaintiffs' need for the information outweighs the asserted privacy interests. GSR's objection is overruled and Plaintiffs' motion to compel responses to

1   RFPs 14-17 is **GRANTED**. Responsive documents, if they exist, shall be provided on or before
2   **May 16, 2014**.

### 6. RFPs 18-21

These RFPs seek the production of documents reflecting any investigation, inquiry or correspondence from the Nevada Labor Commissioner or United States Department of Labor regarding claims for unpaid wages for GSR's non-exempt hourly employees related to: (1) having to retrieve or return and reconcile cash bank accounts prior to or after a scheduled shift (RFP 18); (2) having to attend pre-shift meetings (RFP 19); (3) having to complete paperwork or perform cleaning tasks before or after a scheduled shift (RFP 20); and (4) having to attend mandatory training or exercise classes before or after a scheduled shift (RFP 21).

GSR again objected to these RFPs on the basis that the class had not yet been certified and production of this information would violate the privacy rights of the putative class members. They further objected on the basis that the requests were overly broad because they were not limited in time.

The information sought in these requests is relevant to Plaintiffs' allegations and is therefore discoverable. At the hearing on this motion, GSR represented that it was undertaking a search for documentation responsive to these RFPs. This seems to acknowledge the relevancy of the information. Insofar as GSR objects on the basis that production of this information would violate the privacy rights of the putative class members, steps can be taken to protect any confidential or sensitive information contained in the records while alerting Plaintiffs as to whether or not any inquiry or investigation was commenced by the Nevada Labor Commissioner or United States Department of Labor regarding the allegations that are the subject of this action. Therefore, GSR's objections are overruled. However, the court restricts the time period regarding any relevant governmental investigations to when GSR and its principals have operated the property. Plaintiffs' motion to compel a response to these RFPs is **GRANTED**. GSR shall produce responsive documents, if they exist, on or before **May 16, 2014**.

///
///

**C. Request for Costs and Fees**

Rule 37 explicitly states that if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party...whose conduct necessitated the motion...to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless the opposing party can demonstrate that its "nondisclosure, response, or objection was substantially justified" or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

Plaintiffs included a request for fees and costs in their motion; however, they did not include any documentation of fees and costs incurred to allow the court to ascertain the amount of reasonable fees and costs incurred. (Doc. # 26 at 27.) GSR did not address this request in its opposition. Because Plaintiffs did not provide documentation concerning the specific amount of fees and costs requested and because Rule 37 requires that the opposing party be given an opportunity to be heard, the court directs Plaintiffs file a separate and properly supported motion requesting fees and costs, including attorney's fees, incurred in bringing their motion within **ten days of the date of this Order**. GSR may then file a response and Plaintiffs may file a reply in accordance with the Local Rules of Practice.

**D. Discovery Plan and Scheduling Order**

In their supplemental memorandum, Plaintiffs request an adjustment of the discovery plan and scheduling order due to the delay in obtaining discovery. (Doc. # 34 at 4:18-23.) They ask that the deadlines in the order be extended sixty days. (*Id*.) At the hearing, the court advised the parties to submit a revised discovery plan and scheduling order extending the deadlines in the previous version by 120 days.

**IT IS SO ORDERED**.

**DATED: April 22, 2014**

_____
**WILLIAM G. COBB**
**UNITED STATES MAGISTRATE JUDGE**