1

2

3

4

5

6                        **UNITED STATES DISTRICT COURT**

7                              **DISTRICT OF NEVADA**

8

9    TIFFANY SARGANT, et al.,              )          3:13-cv-00453-LRH-WGC
                                           )
10             Plaintiff,                  )          **ORDER**
                                           )
11        vs.                              )          re: Doc. # 39
                                           )
12   H.G. STAFFING, etc.,                  )
                                           )
13             Defendant.                  )
     _____)

14

15        Before the court is Plaintiffs' Motion for Attorney's Fees and Costs (Doc. # 39),[1] which Plaintiffs

16   filed pursuant to this court's Order granting Plaintiffs' motion to compel (Doc # 37). Defendant opposed

17   (Doc. # 41) and Plaintiffs replied (Doc. # 42).

18                                    **BACKGROUND**

19        The relevant history of the case is set forth in this court's Order of April 23, 2014 (Doc. # 37) and

20   will not be repeated in full at this point. Generally speaking, however, this court granted Plaintiffs'

21   motion to compel with respect to plaintiffs' one interrogatory which was in dispute.  The court directed

22   Defendant to provide information of job duties and classifications, but denied, without prejudice,

23   Plaintiffs' request for rate of pay information for the potential opt-in plaintiffs. Second, Plaintiffs' motion

24   to compel with regard to the parties' disputes over the requests for production was granted as more

25   specifically discussed in the Order. (Doc. # 37.)

26        Fed. R. Civ. P. 37(a) allows the prevailing party on a motion to compel to recover its reasonable

27   expenses, including attorney's fees, incurred in preparing the motion. Because the motion to compel was

28

     _____

     [1] Refers to court's docket number.

1  granted, the court therefore directed the parties to address the reimbursement of Plaintiffs' reasonable

2  expenses incurred in bringing the motion. (Doc. # 37 at 11.)

3  **DISCUSSION**

4  Rule 37 explicitly states that if a motion to compel is granted, "the court must, after giving an

5  opportunity to be heard, require the party...whose conduct necessitated the motion...to pay the movant's

6  reasonable expenses incurred in making the motion, including attorney's fees" unless the opposing party

7  can demonstrate that its "nondisclosure, response, or objection was substantially justified" or "other

8  circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A); emphasis added.

9  Pursuant to this court's Order granting, in substantive part, Plaintiffs' motion to compel, the Plaintiffs

10  filed their motion for reimbursement seeking an award of costs and fees in the total amount of

11  $18,881.94. (Doc. # 39-1 at 5.)

12  Plaintiffs' counsel outline their expertise and qualifications at Doc. # 39-1 (Jones); Doc. # 39-2

13  (Thierman); and Doc. # 39–3 (Buck). Plaintiffs' counsel are well qualified in the area of Labor and

14  Employment law. Unfortunately, as experienced as they are, the court was not provided much

15  meaningful assistance by Plaintiffs' counsel in their motion to compel with respect to the law pertaining

16  to pre-certification/notice discovery in a Fair Labor and Standards Act (FLSA) (29 U.S.C. § 201)

17  lawsuit.

18  More specifically, Plaintiffs' initial motion as to the parameters of discovery of both the Plaintiffs'

19  and putative "class members" was based on a representation that Plaintiffs had filed a "Motion for Class

20  Certification on October 24, 2013. *See* Doc. 18." (Doc. # 26 at 8.) However, Doc. # 18 was not a motion

21  for class certification but rather was a Motion for Circulation of Notice Pursuant to 29 U.S.C. § 216(b),

22  (Doc. # 18.) Additionally, all of the cases cited by Plaintiffs in their motion to compel discussed

23  permissible pre-certification discovery in the context of class actions, not an FLSA collective action. *See,*

24  *e.g.,* Doc. # 26 at 11 (citing *Currie-White v. Blockbuster, Inc.*, for the proposition of discovery "in the

25  class action context"); *id.* at 16, citing *Kress v. PriceWaterhouse Coopers*, for the proposition of

26  discovery "to determine the existence of a class or set of subclasses").

27  Plaintiffs characterize this litigation as both a "class *and* collective action." (Doc. # 31 at 4, n. 1.)

28  However, at the time of Plaintiffs' discovery and motion to compel, no motion for class certification had

2

1    been (and still has not) been filed. As noted above, pending at the time of Plaintiffs' discovery motion

2    was Plaintiffs' motion for circulation of notice which pertains to this case's status as a collective action,

3    not a class action. (*See*, Doc. # 18, Plaintiffs' Motion for Circulation of Notice, seeking leave of court

4    to provide notice to Defendant's past or present employees of the pendency of the legal action to decide

5    if they want to opt in.)

6           The Plaintiffs' reply memorandum also did not discuss the parameters of pre-certification

7    discovery which is permissible in a "collective action." Instead, Plaintiffs claimed an entitlement "to

8    conduct meaningful inquiry into the class allegations" which Plaintiffs claimed was being hampered by

9    Defendant's opposition to Plaintiffs' discovery. (Doc. # 31 at 2.) For example, Plaintiff relied upon

10   another class action lawsuit seeking discovery of potential class members. *Putnam v. Eli Lilly Co.*, 508

11   F. Supp. 2d 812 (C.D. CA 2007). (Doc. # 31 at 4.)

12          Thus, the problem the court encountered with regard to Plaintiffs' characterization of the case

13   as both a class *and* collective action  (Doc. #31 at 4, n. 1) is that while the complaint was indeed filed

14   as a collective and class action case (Doc. # 26 at 7), at the time of Plaintiffs' discovery, Plaintiffs had

15   not filed any motion for class certification and had only sought leave to circulate notice of this matter

16   as a collective action. (Doc. # 18.)  The criteria for evaluating class certification differ from whether the

17   court will authorize a matter to proceed as a collective action. *Kinney Shoe Corp. v.  Vorhes*, 564 F.2d

18   859, 862 (9th Cir. 1977); *Small v University Medical Center of Southern Nevada*, No. 2:13-cv-00298-

19   APG-PAL, 2013 WL 3043454  at * 1 (D. Nev. 2013), citing *McElmurry v. U.S. Bank Nat'l Ass'n*, 495

20   F.3d 1136, 1139 (9th Cir. 2007).

21          With these distinctions in mind, this court's order regarding the discovery dispute stated as

22   follows:

23                 The line of authority relied on by Plaintiffs to support their argument that
                   GSR should have to produce the information requested in the
24                 interrogatory involved a class action governed by Federal Rule of Civil
                   Procedure 23. Neither Plaintiffs nor GSR addressed whether discovery of
25                 this information is permissible in a collective action brought under the
                   FLSA. The parties also failed to address whether discovery of this
26                 information is permissible prior to conditional certification of the
                   collective action.
27
     (Doc. # 37 at 4: 22-27.)
28

1    Despite the substantive distinctions between class actions and collective cases, this court

2 concluded that the analysis of the parameters of allowable discovery (i.e., class action or collective

3 action) is essentially the same. In that respect, based on the court's research, this court stated as follows:

4

5       The court acknowledges that courts in this circuit have routinely allowed
        the pre-certification discovery of contact information (names, addresses,
        telephone numbers, and in recent cases even email addresses) of putative

6       class members in wage and hour class action litigation in cases governed
        by Rule 23. *See, e.g., Bell v. Delta Air Lines, Inc.*, No. C 13-01199 YGR

7       (LB), 2014 WL 985829, at * 3 (N.D. Cal. Mar. 7, 2014); *Coleman v.
        Jenny Craig, Inc.*, Civil No. 11-cv-1301-MMA (DHB), 2013 WL

8       2896884 (S.D. Cal. June 12, 2013); *Willner v. Manpower, Inc.*, No. C 11-
        2846 JSW (MEJ), 2012 WL 4902994 (N.D. Cal. Oct. 16, 2012); *Brian

9       Algee v. Nordstrom, Inc.*, No. C 11-301 CW (MEJ), 2012 WL 1575314
        (N.D. Cal. May 3, 2012); *Artis v. Deere & Co.*, 276 F.R.D. 348 (N.D.

10      Cal. June 29, 2011); *Currie-White v. Blockbuster, Inc.*, 2010 WL
        1526314, at * 2 (N.D. Cal. Apr. 15, 2010); *Putnam v. Eli Lilly & Co.*, 508

11      F.Supp.2d 812, 814 (C.D. Cal. 2007).

12 (*Id*. at 5.)

13    While Plaintiffs neglected to address the scope of permissible discovery in collective cases, or

14 the analogy which could be made to pre-certification discovery in class actions, on the other hand,

15 Defendant GSR did little to illuminate the issues relative to discovery in FLSA litigation. Defendant's

16 sole citation of a Montana State Supreme Court decision, *Montana Human Rights Division*, 199 Mont.

17 434, 649 P.2d 1283 (1982), was of marginal assistance. The court also notes Defendant repeatedly cited

18 the Montana case in its discovery responses with no discussion of its purported relevance, particularly

19 how the rationale of that case might be applicable to an FLSA action. (Doc. # 29.)

20    Nevertheless, Plaintiffs prevailed on their motion to compel. Rule 37 therefore requires this court

21 to award reimbursement to the successful moving party for its reasonable expenses. The court will

22 address what, in its discretion, constitutes reasonable fees and expenses.

23    First, Rule 37(a) provides for reimbursement of expenses "incurred in making the motion," i.e.,

24 the motion to compel, not the motion for expenses. Fed. R. Civ. P. 37(a)(5)(A). Thus, the claim for

25 reimbursement of Ms. Jones' fees ($1,875.00) for "Preparation of Fee Statement" (Doc. # 39 at 2-3)

26 should be deducted from the award of expenses.

27    Next, Defendant argues that while Plaintiffs prevailed on their discovery motion, the court upheld

28 certain of Defendant's objections. (Doc. # 41 at 4.) Rule 37(a)(5)(C) allows the court to apportion the

4

1   reasonable expenses the court might award if the discovery motion is granted in part and denied in part.

2   The Defendant does not suggest, however, how Plaintiffs' claim for fees should be apportioned between

3   Defendant's discovery objections which were sustained and those which were overruled (in that respect,

4   only one component of Plaintiff's interrogatories was deemed objectionable and Defendant was ordered

5   to respond to all of the disputed requests for production). (Doc. # 37.) Because the court is reducing

6   some of the hours for which Plaintiffs seek reimbursement,[2] the court in its discretion declines to further

7   apportion the award.

8        Defendant also objects to the hourly rates claimed as reasonable by Plaintiffs' counsel, which are

9   $800.00 an hour for Mr. Thierman, $450.00 an hour for Mr. Buck and $300.00 an hour for Ms. Jones.

10  Defendant suggests an hourly rate of $450.00 for Mr. Thierman; Defendant does not recommend what

11  would be reasonable rates for Mr. Buck and Ms. Jones.

12       The court utilizes the "lodestar" approach by multiplying the reasonable hourly rates by the

13  number of hours reasonably expended with respect to a motion to compel. *Camacho v. Bridgeport*

14  *Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (citing *Ferland v. Conrad Credit Corp.*, 244 F.3d

15  1145, 1147-48 (9th Cir. 2001). The hourly rate to be awarded prevailing counsel is determined by

16  identifying rates in the "relevant community." *Camacho* at 979. The court ascertained the rate for

17  Mr. Thierman by analogizing to an hourly rate ($600/hr) Plaintiffs identified for Nevada attorney Charles

18  Jones of Reno (Doc. # 42 at 8), which provides a reasonable comparable rate pertinent to the District of

19  Nevada.

20       However, Plaintiffs' counsel only cited to comparable attorneys fees rates for Mr. Buck and

21  Ms. Jones by comparison to hourly rates charged by a San Francisco area law firm. (Doc. # 42 at 8-9;

22  Doc. # 42-2 at 2.) The general rules is that "when determining a reasonable hourly rate, the relevant

23  community is the forum in which the district court sits." *Camacho* at 979, citing *Barjon v. Dalton*, 132

24  F.3d 496, 500 (9th Cir. 1997). Under certain circumstances, rates identified by counsel from other

25  jurisdictions may be substituted. *Id*. In the present case, however, comparison to San Francisco rates for

26  associates' rates does not seem appropriate. On the other hand, Defendant's brief was not particularly

27

28       [2] Discussed infra at pp. 6-7.

1   helpful in ascertaining a reasonable hourly rate for Mr. Buck and Ms. Jones. Other than citing how many

2   years each attorneys has been in practice (5± for Mr. Buck; 3± for Ms. Jones), Defendant proposes no

3   substitute rates.

4        Although Defendant did not provide suggestions for reasonable hourly rates for attorneys Buck

5   and Jones, the court determines reasonable hourly rates for attorneys with similar education, years in

6   practice and expertise would be $350 and $250 an hour, respectively.

7        Having determined what would be reasonable hourly rates, the next step under the lodestar

8   approach is to ascertain the "number of hours reasonably expended." The court is concerned with the

9   number of hours identified by Ms. Jones with respect to the motion to compel. It appears to the court that

10  had Ms. Jones initially invested more effort in the "meet and confer" obligations of Local Rule 26-7, e.g.,

11  discussing with defense counsel the case authorities which outline the allowable scope of discovery in

12  collective actions, that some of the discovery dispute might have been avoided. (Doc. # 26 at 3-6.)

13       In that regard, the Thierman Firm's January 24, 2014 discovery dispute letter to Defendant's

14  counsel was essentially a recitation of discovery propounded by Plaintiff and Defendant's responses.

15  (Doc. # 26-4; Exhibit D.) Counsel did include reference to three cases, followed by counsel's erroneous

16  statement Plaintiffs had filed a motion for class certification (*id*. at 3), when they hadn't (instead,

17  Plaintiffs filed a motion for approval of the notice of pendency of a collective action (Doc. # 18).) This

18  mistake (about the discovery proceeding under the pendency of a class certification motion) was

19  perpetuated, as noted above, into Plaintiff's motion to compel.  Plaintiff's reply memorandum also

20  continues to characterize this discovery as occurring in the class action setting as opposed to a collective

21  action:

22

23            Ms. Jones was tasked with the type of heightened scrutiny required of
              class action discovery review that takes a significant amount of time.

24  Doc. # 42 at 5; emphasis added. This letter was followed by a  phone call with Defendant's counsel

25  which was in turn followed by a "memorializing" email. (Doc. # 26 a 4.) Following that was another

26  phone call and another email which advised Defendant's counsel that a motion to compel would be filed.

27       Local Rule 26-7 requires personal consultation with counsel undertaken with a "sincere effort"

28  to resolve a discovery dispute. While the court recognizes "personal consultation" may be difficult

1  because of the presence of defense counsel in Las Vegas, if a party is going to pursue a motion to compel

2  – and likely a motion for reimbursement of fees and expenses – in the absence of a personal, one-on-one

3  meeting, then a more vigorous attempt to resolve the dispute by telephonic discussions would be

4  recommended – and appreciated – by the court.

5        Again, however, this is not to excuse Defendant's counsel's own lack of coordinating a personal

6  meet and confer, but Defendant is paying the price for not having done so in view of this court's award

7  of reasonable expenses.

8        Ms. Jones states she was required to review "over 1756 pages of documents" which accompanied

9  Defendant GSR's initial disclosures. (Doc. # 42 at 4.) While the court has no doubt this was a time

10  consuming undertaking, the court does not perceive this being a compensable component of the filings

11  related to the motion to compel.

12        Accepting Plaintiff's counsel's representation of expertise in the FLSA arena, the court finds that

13  expending 45 hours on a motion to compel is more time than the court could reasonably reimburse for

14  a motion to compel made by an attorney knowledgeable and experienced in the FLSA field. Instead, the

15  court will authorize reimbursement of 30 hours for Ms. Jones.[3]

16        The court finds Mr. Buck's limited role and the hours assigned to his involvement to the motion

17  to compel was not unreasonable.

18        The Defendant did not contest the hours (2.5) invested by Mr. Thierman, nor the amount of

19  expenses Plaintiffs' claim. (Doc. # 41 at 4.)

20  ///

21  ///

22  ///

23  ///

24  ///

25

26

27  [3] *Ferland* instructs that while the lodestar figure is presumptively reasonable, the district court in its discretion "may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." 244 at 1149, n. 4. The court found such factors present here which justify modification of the lodestar amount, such as counsel's failure to

28  delineate what pre-notification discovery is permissible in collective action.

1    Accordingly, the court in its discretion awards costs fees as follows:

2    **Costs**:                                                          $    201.94

3    **Fees**:

4    Mr. Thierman, 2.5 hours at $600/hour:              1,500.00

5    Mr. Buck, 3.0 hours at $350/hour:                  1,050.00

6    Ms. Jones, 30 hours at $250/hour:                  7,500.00

7                                                      $10,050.00        10,050.00

8                                            **TOTAL:**                  **$10,251.94**

9    Defendant shall reimburse Plaintiffs their reasonable expenses within **thirty (30) days** of the date

10   of this Order.

11   **IT IS SO ORDERED.**

12   DATED: June 6, 2014

13   _____

     WILLIAM G. COBB

14   UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28