# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| TIFFANY SARGANT, et al., | 3:13-cv-00453-LRH-WGC |
| Plaintiff, | **ORDER** |
| vs. | **re: Doc. ## 72, 73, 75, 77 & 78** |
| H.G. STAFFING, etc., | |
| Defendant. | |

Before the court are motions and counter motions to hold opposing parties in contempt, to compel discovery, to extend the discovery deadline, to strike the consents which the Defendants' employees have filed, and to award attorneys fees and costs as sanctions. (Docs, ## 72, 73, 75, 77, and 78.)[1] Although the court will grant Plaintiffs' request to extend the discovery deadline (contained within Doc.# 72 at 7), the court denies the motions for the reasons stated herein.

## I. Background

The history and background of this lawsuit are set forth in this Court's discovery order of April 23, 2014 (Doc. # 37), and the May 6, 2014, Order of Senior District Judge Larry R. Hicks regarding Plaintiffs' Request for Circulation of Notice, et al. (Doc. # 40.) Therefore, the court will not restate the history of the case further at this time.

/ / /

/ / /

/ / /

---

[1] Refers to court's docket number.

## II. Separate Filings for Distinct Issues

Paragraph III.4. of Special Order 109 provides as follows:

### 4. Document Type

A separate document must be filed for each type of document or purpose. Examples: separate documents must be filed for response and motion rather than a response and counter motion in one document. Motions may ask for only one type of unrelated relief thus, rather than filing a motion to severe and to dismiss, a separate motion to severe and a separate motion to dismiss must be filed.[2]

The parties' filings have improperly combined motions addressing distinct and separate topics. For example, Plaintiffs' motion combines a motion to hold Defendants in contempt with a request to extend the discovery and scheduling deadlines. (Doc. # 72.) Defendants' response to Plaintiffs' motion combines an opposition to the motion with Defendants' counter motion for contempt and to compel. (Doc. # 75.)[3]  While the court in this instance addresses the subject of the parties' filings (with the exception of the relief Defendants appear to seek regarding consents, etc.), in the future the parties should endeavor to comply with the requirements of Special Order 109.

## III. Request for Revision of Discovery Plan and Scheduling Order (Doc. # 72)

Plaintiffs request this court to extend the deadlines on the current discovery plan and scheduling order (Doc. # 61) for "at least sixty (60) days from the date Plaintiffs' (sic) actually receive the discovery requested." (Doc. # 72 at 7-8.) Plaintiffs do not mention the admonition the court set forth when approving the parties' August 2014 stipulation to extend the initial scheduling order, which read, "**IT IS FURTHER ORDERED THAT THERE WILL BE NO FURTHER EXTENSIONS.**" (Doc. # 61 at 5; emphasis in the original.)  Plaintiffs also do not address the required components of Local Rule 26-4 regarding motions seeking extensions of deadlines in a scheduling order, other than perhaps L.R. 26-4(d) regarding a proposed deadline for completing the remaining discovery. Defendants'

---

[2] Paragraph III. 4. of Special Order 109, appears to have utilized the word "severe" when the order most probably meant to state "sever."

[3] Defendants' "conclusion" also asks the court to (1) strike all consents submitted in this case and (2) "as a further sanction decertify the conditional class." (Doc. # 75 at 7.) Seeking such relief as well as a ruling "that the expenses involved of said remailing is not recoverable as a cost in this matter" (*id* at 3-4) is a subject wholly unrelated to any discovery dispute and should clearly be pursued, if at all, in a separate motion.

opposition/counter motion does not address Plaintiff's request to again extend the discovery deadline.

This court will grant an extension this last time. However, the court cannot set a "deadline" on such a nebulous triggering date Plaintiffs propose, i.e., 60 days after Plaintiffs receive the discovery requested. Because of the pending discovery dispute (on both sides), the court will approve a new deadline for completion of discovery of approximately sixty days from the existing deadline (March 2, 2014) to **May 1, 2015.** There will be no extension of this deadline and the parties should conduct themselves accordingly.

The parties shall file a joint amended discovery plan and scheduling order **no later than December 22, 2014**, consistent with the May 1, 2015 discovery deadline with other related dates and deadlines in compliance with Local Rule 26-1(e).

IV. **Plaintiffs' Motion for Order Holding Defendants in Contempt of Court for Failing to Comply with Prior Discovery Order and for Sanctions and Other Appropriate Relief Including Plaintiffs' Request for Extension of Time for the Discovery Plan and Scheduling Order, and Memorandum of Points and Authorities in Support Thereof (Doc. # 72)**

The Plaintiffs have filed a discovery motion which essentially combines a request for this court to compel Defendants to supplement their initial productions/discovery and also to hold Defendants "in contempt of court." (Doc. # 72.) Defendants have opposed (Doc. # 75) and Plaintiffs have replied (Doc. # 77).

The gravamen of Plaintiffs' motion appears to be the failure of Defendants to provide payroll information for the individuals who have opted into the class. Plaintiffs state that the original interrogatory which it served on Defendants,[4] as it applies to "rate of pay," initially denied by the court in Doc. # 37 at 7, was triggered or activated when the District Judge entered his Order (Doc. # 40 at 8) granting Plaintiffs' motion for circulation of notice. (Doc. # 72 at 4-5.)[5]

Assuming, arguendo, that a class was conditionally certified, presumably the "rate of pay" component of Plaintiffs' interrogatory #1 was indeed triggered. But the request for "rate of pay" in the

---

[4] Although Plaintiffs do not provide a citation to it, the original interrogatory is found at Doc. # 26-1 at 1-4).

[5] While Judge Hicks' order did not specifically state it was conditionally approving the class, such was a topic of Plaintiff's' motion (Doc. # 18 at 7, ¶ III). It appears that under 29 U.S.C. § 216(b), implicit in the approval of sending notices to employees to consider whether they want to opt in is that a conditional class is created. *Lewis v. Nevada Property 1, LLC, dba the Cosmopolitan of Las Vegas*, No. 2:12-cv-01564-MMD-GWF, 2013 WL 237098 at * 7-8 (D. Nev. 2013).

3

interrogatory seems to differ from what Plaintiffs now seek in discovery and/or what Plaintiffs claim should be produced as supplemental disclosures. (Doc. # 72-3 at 2-3.) However, it is difficult for the court to discern whether Plaintiffs' current discovery contention is related just to Interrogatory #1 or whether it extends to other discovery as addressed in counsel's email of October 17, 2014. (Doc. # 72-3.)

The Local Rules pertaining to discovery disputes require a party to set forth in full the text of the discovery originally sought (which presumably is that contained in Plaintiffs' underlying discovery motion, Doc. # 26) and the "response thereto, if any." L.R. 26-7. Plaintiffs have failed to comply with this rule, at least insofar as Defendants' responses are concerned. The court is left to attempt ascertain how Defendants replied to Plaintiffs' "rate of pay" request. As the court reads Plaintiffs' motion, a request for "rate of pay" data seems to have morphed into a request for all payroll records of the parties who have executed opt-in forms. While the court is not stating a request for such information is not discoverable, the court does not see it is necessarily a component of Interrogatory #1, which is the only specific discovery request properly before the court. In paragraph 10 of attorney Kinnally's affidavit (Doc. # 75-1), counsel states she informed Ms. Jones that in her (Ms. Kinnally's) opinion, Defendants did not have an obligation to provide payroll records "absent a specific request for such record and did not believe Plaintiff had made one." The court tends to agree with this observation.

This court might have created some ambiguity in its Order when it stated that if and when the class is conditionally certified, "Plaintiffs may then address obtaining this information <u>from</u> the opt-in Plaintiffs." (Doc. # 37 at 7; emphasis added.) This infers Plaintiffs' counsel should seek that information directly from the opt-in party. But this also does not necessarily mean Plaintiffs could not seek such discovery, most likely in a Request for Production (as opposed to an interrogatory), from Defendants. But this discovery is not properly before the court, particularly in the guise of a motion for sanctions.

Even more importantly, it appears to the court counsel failed to participate in a meaningful meet and confer as is required by L.R. 26-7(b). The Local Rules require not only a personal consultation but a "sincere effort" to resolve the discovery dispute. Counsel should give more than lip service to the meet and confer obligation by the local and federal rules. In a case of this magnitude, one phone call and an exchange of emails "doesn't cut it." *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996).

4

1  Therefore, the court declines to approve the relief Plaintiffs seek, particularly one holding
2  Defendants in contempt.

### V. Defendants' Opposition to Plaintiff's Motion for Contempt and Other Sanctions and Defendants' Countermotion for Contempt and Motion to Compel (Doc. # 75)

The court addresses the component of Doc.# 75 as it pertains to Defendants' counter motion for contempt and motion to compel. Plaintiffs have opposed the motion. (12/4/14, Doc. # 78.) As of this date, no reply memorandum has been filed.

As a starting point, other than Exhibit 1, the Affidavit of Terry Kinnally, Esq. (Doc. # 75-1), none of the other exhibits referred to in Doc. # 75 accompanied Defendants' counter motion. The counter motion at page 5 refers to "Exhibit 6, which the court interprets as meaning there should be a total of six exhibits. Plaintiffs' opposition to the motion, wherein counsel made reference to the omission of the five exhibits was filed on December 4, 2014. This should have put counsel for Defendants on notice of the omission. Counsel, however, did nothing to rectify the omission.

As the court discussed above with regard to Plaintiffs' motion, any discovery motion must set forth in full the text of the discovery originally sought and the response thereto. L.R. 26-7(a). The counter motion totally ignores this requirement. Although Plaintiffs' opposition attaches copies of Plaintiffs' Responses to Defendants' First Set of Interrogatories (Doc. # 78-1) and Plaintiffs' Responses to Defendants First Set of Requests for Production (Doc. # 78-2), not having those responses with the counter motion in the first instance makes it difficult if not impossible for the court to discern exactly what it is that Defendants object with regard to Plaintiffs' discovery responses.[6]

The court is left to ponder whether the Defendants contend *all* of Plaintiffs' discovery responses to the interrogatories and request for production were inadequate or whether there are specific issues as to specific questions/requests. (Doc. # 75 at 4-6.) This is not to say that in perusing Plaintiffs' discovery responses (#78-1 and #78-2) and objections Plaintiffs have lodged are necessarily valid; instead, the court is stating it is simply left guessing as to the nature of the discovery dispute. As a motion to

---

[6] The counter motion makes reference to Exhibit 4 as Plaintiffs' responses to interrogatories and Exhibit 5 as the Plaintiffs' response to Defendants' request for production. As noted above, these responses did not accompany movants' filing with the court. Neither did they accompany the documents served on Plaintiffs' counsel. (Doc. # 87 at 9.)

compel, it is woefully inadequate.

In addition to failing to address the text of the discovery as required by the local rules, no meet and confer certification accompanied the counter motion attesting to a sincere effort, during a personal consultation, to resolve the discovery dispute. L.R. 26-7(b).

The counter motion states that a "discovery dispute resolution conference was held with Plaintiff's (sic) counsel but Plaintiff (sic) refused to provide any additional information in response." (Doc. # 75 at 4.) Paragraphs 6-10 of counsel's affidavit discuss the conference. (Doc. # 75-1) Ms. Kinnally simply describes Plaintiffs' "responses" as being incomplete. (Id at ¶ 8.) But the court is again left to surmise the content of the discovery (an interrogatory or request for production) and the response (which presumably applies to payroll issues), neither of which were provided the court. Paragraph 9 of the affidavit contends the Defendants were entitled to know the "nature of their individual claims were...particularly as to easily verified claims such as those involving 'charge backs' or unpaid dance classes." While this information may indeed be discoverable, whether the specific discovery request even pertained to the "charge backs" or "dance classes" is unknown to the court.

This case is complicated enough without requiring the court to decipher what the particulars are of a discovery dispute. The court is less than enthralled with counsels' – i.e., all attorneys – attempts to resolve a discovery dispute.

Last, whether the format and content of the Notices complied with Judge Hicks' orders (Doc. # 75 at 3-4), and the consequences which would result if they did not, is a matter Defendants should address, if at all, in a separate motion.

**VI.   December 23, 2014 Status Conference**

The status conference scheduled for December 23, 2014, will proceed. The court will discuss with the parties where they stand on discovery. If discovery disputes remain, the court will address with counsel how the parties can best describe the particular elements of the discovery dispute(s) and how the court might best resolve them. In the meantime, however, and before the next status conference, the parties shall conduct a meaningful L.R. 26-7(b) discovery conference where each party's contentions are addressed.

///

      The parties shall each file, **no later than noon, December 22, 2014,** a concise statement describing each element of any discovery dispute which remain unresolved. At this time the court is not asking for the full text of the disputed discovery. Instead, the court wants to address the parameters or nature of discovery and relevant objections which remain. The court anticipates, however, if the parties undertake a sincere effort, the extent of any remaining dispute will be narrowed considerably.

      The court will also address the parties proposed second amended discovery plan and scheduling order at the status conference.

**CONCLUSION**

1. The motion for contempt component of Doc. # 72 is **DENIED.**

2. The request for an extension of the deadlines in the discovery plan and scheduling order component of Doc. # 72 is **GRANTED** consistent with the terms of this order. The parties shall file a proposed joint amended discovery plan and scheduling order **no later than December 22, 2014.**

3. The counter motion for contempt component of Doc. # 75 is **DENIED.**

4. The previously scheduled discovery conference on December 23, 2014, will proceed. The parties' statements of any unresolved discovery disputes shall be filed **no later than noon, December 22, 2014**.

**IT IS SO ORDERED.**

DATED:  December 12, 2014

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE