**THIERMAN BUCK LLP**
Mark R. Thierman, Nev. Bar No. 8285
mark@thiermanbuck.com
Joshua D. Buck, Nev. Bar No. 12187
josh@thiermanbuck.com
Leah L. Jones, Nev. Bar No. 13161
leah@thiermanbuck.com
7287 Lakeside Drive
Reno, Nevada  89511
Tel. (775) 284-1500
Fax. (775) 703-5027

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| TIFFANY SARGENT, BAILEY CRYDERMAN, SAMANTHA L. IGNACIO, VINCENT M. IGNACIO, HUONG ("ROSIE") BOGGS, and JACQULYN WIEDERHOLT, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HG STAFFING, LLC, MEI-GSR HOLDINGS LLC d/b/a GRAND SIERRA RESORT, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 3:13-CV-453-LRH-WGC<br><br>**QUALIFIED HIPPAA PROTECTIVE ORDER** |

The parties are hereby granted the right, upon compliance with the applicable discovery provisions of the Federal Rules of Civil Procedure and the orders of this court, to obtain from any health care provider, health plan, or other entity covered by the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996) ("HIPAA"), any medical diagnosis, tests, and/or treatment information relating to the past or present medical

conditions of Mrs. Ann Woodhouse (or the decedent or ward of a party who sues in a representative capacity) from the date of June 21, 2013 to the present.[1]

This order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendant at a deposition or trial to disclose the Protected Health Information in response to such request or subpoena.  This order is intended to authorize such disclosures under the privacy regulations issued pursuant to HIPAA. 45 C.F.R. § 164.512(e)(1)(i).

The parties are expressly prohibited from using or disclosing the protected health information obtained pursuant to this order for any purpose other than this action.  Further, the parties are ordered to either return to the covered entity from whom or which such protected health information was obtained, or to destroy the protected health information (including all copies made), immediately upon conclusion of this action.  See 45 C.F.R. §§ 163.502(b); 164.512(e)(1)(v).

This Order does not authorize either party to seal court filings or court proceedings.  The Court will make a good cause determination for filing under seal if and when the parties seek to file Plaintiff's protected health information under seal.

IT IS SO ORDERED on this 31st day of December, 2015.

_____
WILLIAM G. COBB
United States Magistrate Judge

---

[1] Plaintiffs' filed their original complaint June 21, 2013. Doc. 1-1.