1

2

3

4

5

6                              UNITED STATES DISTRICT COURT

7                                    DISTRICT OF NEVADA

8                                            * * *

9    TIFFANY SARGENT, BAILEY
     CRYDERMAN, SAMANTHA L. IGNACIO
10   (formerly SCHNEIDER), VINCENT M.                    3:13-CV-00453-LRH-WGC
     IGNACIO, HUONG ("ROSIE") BOGGS, and
11   JACQULYN WIEDERHOLT on behalf of
     themselves and all others similarly situated,
12                                                       ORDER
             Plaintiffs,
13
             v.
14
     HG STAFFING, LLC; MEI-GSR
15   HOLDINGS, LLC d/b/a GRAND SIERRA
     RESORT; and DOES 1 through 50, inclusive,
16
             Defendants.
17

18

19          Before the court is Defendant MEI-GSR Holding LLC's (GSR) Motion for Partial

20   Summary Judgment.  Doc. #135.[1]  Plaintiffs filed an Opposition (Doc. #140), to which

21   Defendants' replied (Doc. #148).  Plaintiffs also filed a Motion for Leave to File Excess Pages

22   for their Response to Defendant's Motion for Summary Judgement.  Doc. #141.  Additionally,

23   Plaintiffs filed an Objection to Working Drafts of Unsigned Collective Bargaining Agreements

24   not Produced in Discovery.  Doc. #139.  Defendants filed a Response (Doc. #149), to which

25   Plaintiffs' replied (Doc. #154).

26   ///

27   ///

28   _____
     [1] Refers to the Court's docket number.

                                                  1

**I. Facts and Procedural History**

On June 21, 2013, Plaintiffs Tiffany Sargant ("Sargant") and Bailey Cryderman ("Cryderman") filed their original collective and class action Complaint against Defendants in the Second Judicial District Court for the State of Nevada in and for the County of Washoe. Doc. #1, Ex. A.  On August 22, 2013, Defendants filed a Petition for Removal.  Doc. #1.  On June 13, 2014, Plaintiffs filed the operative Second Amended Complaint ("SAC") before the Court.  Doc. #47.

On August 14, 2015, GSR filed a motion for partial summary judgment on Plaintiff's Fourth (Failure to Compensate for All Hours Worked in Violation of NRS 608.140 and 608.016), Sixth (Failure to Pay Overtime in Violation of NRS 608.140 and 608.018), Seventh (Failure to Timely Pay All Wages Due and Owing in Violation of NRS 608.140 and 608.020-050), and Eighth (Unlawful Chargebacks in Violation of NRS 608.140 and 608.100) causes of action.  Doc. #135.  On August 28, 2015, Plaintiffs filed an objection to working drafts of unsigned collective bargaining agreements ("CBA") not produced in discovery, a response, and a motion for leave to file excess pages for their response.  Doc. #140, 141, and 142.  On September 21, 2015, GSR filed its reply and its response to the CBA objection.  Doc. #148 and 149.  On September 30, 2015, Plaintiffs filed a reply for the CBA objection.  Doc. #154.

**II. Legal Standard**

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, affidavits or declarations, stipulations, admissions, and other materials in the record show that "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Cnty. of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).  A motion for summary judgment can be complete or partial, and must identify "each claim or defense—or the part of each claim or defense—on which summary judgment is sought."  Fed. R. Civ. P. 56(a).

The party moving for summary judgment bears the initial burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that no "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). On an issue as to which the nonmoving party has the burden of proof, however, the moving party can prevail merely by demonstrating that there is an absence of evidence to support an essential element of the non-moving party's case. *Celotex*, 477 U.S. at 323.

To successfully rebut a motion for summary judgment, the nonmoving party must point to facts supported by the record that demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736, 738 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Liberty Lobby*, 477 U.S. at 248. Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the party's position is insufficient to establish a genuine dispute; there must be evidence on which a jury could reasonably find for the party. *See id*. at 252. "[S]peculative and conclusory arguments do not constitute the significantly probative evidence required to create a genuine issue of material fact." *Nolan v. Cleland*, 686 F.2d 806, 812 (9th Cir. 1982).

**III. Discussion**

Plaintiffs' Fourth, Sixth, Seventh, and Eighth causes of action are premised on violations of Nevada Revised Statutes NRS 608.140, 608.016, 608.018, 608.020, 608.030, 608.040, 608.050, and 608.100. GSR argues that Nevada employees do not have a private right of action to assert Nevada state wage claims in court because no private right of action was created by the statutes at issue in this case. Plaintiffs argue that a private right of action does exist. However, recent case law from this district has held that no private right of action exists to enforce labor

statutes arising from any of the statutes at issue here.  *See Johnson v. Pink Spot Vapors Inc.,* No. 2:14-CV-1960-JCM-GWF, 2015 WL 433503, at *5 (D. Nev. Feb. 3, 2015) (holding that no private right of action exists under NRS 608.018 and NRS 608.020 without a contractual claim); *Miranda v. O'Reilly Auto. Stores, Inc.*, No. 2:14-CV-00878-RCJ, 2014 WL 4231372, at *2 (D. Nev. Aug. 26, 2014) (holding that there is no private right of action under NRS 608.100 and dismissing claims under NRS 608.106, 608.018, and 608.020-.050 because the private right of action that can be implied under NRS 608.140 only reasonably includes pre-wage-and-overtime-law contractual claims); *McDonagh v. Harrah's Las Vegas, Inc.,* No. 2:13-CV-1744-JCM-CWH, 2014 WL 2742874, at *3 (D. Nev. June 17, 2014) (holding that no private right of action exists to enforce labor statutes arising from NRS  608.010 et. seq. and 608.020 et. seq and that NRS 608.140 only provides private rights of action for contractual claims); *Dannenbring v. Wynn Las Vegas*, LLC, 907 F.Supp.2d 1214, 1219 (D.Nev.2013) (finding that NRS 608.140 implies a private right of action to recover in contract only and dismissing NRS 608.140, 608.018, 608.020, and 608.040 claims); *Descutner v. Newmont USA Ltd.*, 3:13–cv–00371–RCJ–VPC, 2012 WL 5387703, *2 (D.Nev.2012) (finding no private right of action under NRS 608.018 or NRS 608.100); *Garcia v. Interstate Plumbing & Air Conditioning*, LLC, No. 2:10-CV-410-RCJ-RJJ, 2011 WL 468439, at *6 (D. Nev. Feb. 4, 2011) (holding that NRS 608.018 does not provide for a private right of action because it is enforced by the Nevada Labor Commissioner); *Lucas v. Bell Trans*, No. 2:08-CV-01792-RCJ-RJJ, 2009 WL 2424557, at *4 (D. Nev. June 24, 2009) (holding that there is no private right of action in NRS 608.100).  Further, it is settled law that NRS 608.140 "does not imply a private remedy to enforce labor statutes, which impose external standards for wages and hours," but only provides private rights of action for contractual claims. *Gamble v. Boyd Gaming Corp.*, No. 2:13–CV–1009-JCM-PAL, 2014 WL 2573899, at *4 (D. Nev. June 6, 2014) (citing *Descutner v. Newmont* USA Ltd., 3:12–cv–00371–RCJ–VPC, 2012 WL 5387703, *2 (D.Nev.2012)) (emphasis added). Other courts in this district have thoroughly explained the rationales for these conclusions, and the Court cites the decisions of Judge Mahan and Judge Jones with approval. E.g., *Descutner*, 2012 WL 5387703, at *3.  This Court

4

particularly agrees with the decisions of Judges Mahan and Jones and rules accordingly in this case in favor of GSR.

Here, plaintiffs do not seek wages and overtime pursuant to an employment contract, therefore the Court grants summary judgment on the Plaintiffs' Fourth, Sixth, Seventh, and Eighth causes of action.  Moreover, because the Court has based its decision on statutory grounds, the Court does not need to examine Plaintiffs' objections to the CBA.

**IV. Conclusion**

IT IS THEREFORE ORDERED that GSR's Motion for Partial Summary Judgment (Doc. #135) is GRANTED in accordance with this order.

IT IS FURTHER ORDERED that the Clerk of Court shall enter judgment in favor of Defendants and against Plaintiffs on Plaintiff's Fourth, Sixth, Seventh, and Eighth causes of action.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Leave to File Excess Pages (Doc. # 141) is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' Objection to Working Drafts of Unsigned Collective Bargaining Agreements not Produced in Discovery (Doc. #139) is denied as moot.

IT IS SO ORDERED.

DATED this 11th day of January, 2016.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE