UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TIFFANY SARGENT, BAILEY CRYDERMAN, SAMANTHA L. IGNACIO (formerly SCHNEIDER), VINCENT M. IGNACIO, HUONG ("ROSIE") BOGGS, and JACQULYN WIEDERHOLT on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HG STAFFING, LLC; MEI-GSR HOLDINGS, LLC d/b/a GRAND SIERRA RESORT; and DOES 1 through 50, inclusive,<br><br>Defendants. | 3:13-cv-00453-LRH-WGC<br><br>ORDER |

Before the court is Plaintiffs' motion to reconsider this court's January 12, 2016 order. ECF No. 194. Defendants have filed a response (ECF No. 198), to which Plaintiffs replied (ECF No. 201). The court finds that the Ninth Circuit's unpublished memorandum disposition that Plaintiffs cite as the basis for reconsideration is inapposite to the issue that the court considered in its order (ECF No. 172) and that relief under Federal Rule of Civil Procedure 60(b) is therefore unwarranted. Accordingly, the court will deny the instant motion.

**I.     Background**

Plaintiffs are current and former employees of Defendants HG Staffing, LLC and MEI-GSR Holdings, LLC. Plaintiffs allege that Defendants' wage practices resulted in several violations of the Fair Labor Standards Act and Nevada law.[1] *See* ECF No. 47. Defendants

---

[1] Specifically, Plaintiffs allege that Defendants, among other illegal practices, engaged in "shift jamming," whereby an employee works an eight-hour shift and then begins to work his next

1

eventually moved for partial summary judgment on all but one[2] of Plaintiffs' wage-based state-law causes of action, arguing that Nevada's wage laws under NRS Chapter 608 do not create a private right of action. ECF No. 135 at 9. After reviewing the relevant case law from the Nevada Supreme Court and other courts within this district, this court agreed with Defendants and granted their motion. ECF No. 172. Plaintiffs now move for reconsideration of that order.

## II.    Legal standard

A party may move for relief from a final judgment or order under Federal Rule of Civil Procedure 60(b). A motion under Rule 60(b) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 887, 890 (9th Cir. 2000). A district court may reconsider a prior order where the court is presented with newly discovered evidence, an intervening change of controlling law, manifest injustice, or where the prior order was clearly erroneous. Fed. R. Civ. P. 60(b)(1)-(6); *United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998); *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

## III.   Discussion

Plaintiffs motion is solely premised on the Ninth Circuit Court of Appeals' recent unpublished decision in *Evans v. Wal–Mart Stores, Inc.*, 656 F. App'x 882 (9th Cir. 2016). There, the Ninth Circuit reviewed and ultimately reversed a summary-judgment order issued by another court within this district. *See Evans v. Wal-Mart Stores, Inc.*, No. 2:10-CV-1224-JCM-VCF, 2014 WL 298632 (D. Nev. Jan. 24, 2014). As in this case, the *Evans* plaintiffs claimed that

---

eight-hour shift within less than twenty-four hours of the beginning of his first shift. Alternatively stated, shift jamming occurs when an employee does not have at least sixteen consecutive hours off from work between two eight-hour shifts. Because Nevada law requires overtime pay for certain employees that work "[m]ore than 8 hours in any workday[,]" NRS 608.018(1)(b), which is defined as "a period of 24 consecutive hours which begins when the employee begins work[,]" NRS 608.0126, employees subject to shift jamming are entitled to overtime pay for the second-shift hours that fall within the initial twenty-four-hour period. Plaintiffs, however, allege that they did not receive overtime pay for these hours. ECF No. 47 at 6–7.

[2]  Defendants did not move for summary judgment on Plaintiffs' fifth cause of action, failure to pay minimum wage, acknowledging that NRS 608.260 does create a private right of action. ECF No. 135 at 9.

2

their employer engaged in shift jamming (*see supra* n. 1) and thus deprived them of overtime pay that they had earned. *Id*. at *4. Plaintiffs here argue that the *Evans* district court held that there was no private right of action for statutory overtime under NRS 608.018 and that the Ninth Circuit reversed the court on this specific point. ECF No. 194 at 5. Plaintiffs thus argue that this court, in granting Defendants summary judgment on Plaintiffs' state-law causes of action, relied "upon a line of District Court opinions, which now conflict with the holding of the Ninth Circuit in *Evans*." *Id*. at 7.

After reviewing the *Evans* district court order and Ninth Circuit memorandum disposition, the court finds that the case does not address the issue of whether NRS Chapter 608 creates a private right of action. The sole issue before the district court was whether statutory waiting-time penalties apply only to contractually agreed-upon wages or also to statutorily-required overtime pay.[3] *Evans*, 2014 WL 298632, at *4–5. Under NRS §§ 608.040 and 608.050, such penalties attach when an employer fails to timely pay a discharged employee's wages, permitting such "employees to collect up to 30 days of wages at their regular rate." *Id*. at *4 (emphasis removed). Because the district court determined that both statutes' use of the word "wages" did not refer to statutorily-required overtime pay, it held that waiting-time "penalties are therefore limited to the contractually agreed upon rate of pay, which necessarily does not include" overtime pay. *Id*. at *5.

On appeal, the Ninth Circuit merely "conclude[d] that overtime pay is a form of wages under Nevada law." *Evans*, 656 F. App'x at 882. The court thus held that the plaintiff was "also entitled to seek waiting time penalties under [NRS] § 608.050." *Id*. at 883.

At no point did either the district court or Ninth Circuit raise, let alone analyze, whether NRS Chapter 608 creates a private right of action. Moreover, the district court specifically distinguished between cases addressing that issue and the issue of waiting-time penalties the parties raised at summary judgment:

///

---

[3] Plaintiffs in the instant case have also sought waiting-time penalties. ECF No. 47 at 16.

> The cases cited by plaintiff deal with the question of whether there exists a private right of action to enforce the payment of overtime under N.R.S. § 608.018. They do not squarely address whether waiting time penalties are available for unpaid overtime under N.R.S. §§ 608.040 or 608.050. The only case cited by either party which does address those provisions in this context is this court's decision in *Orquiza* [*v. Walldesign, Inc.*, 2012 WL 2327685 (D. Nev. June 19, 2012)].

*Evans*, 2014 WL 298632, at *5 n. 1.

Nonetheless, Plaintiffs argue that the similarity of facts between their case and *Evans*, as well as the fact that the *Evans* plaintiffs brought a private action, establishes that NRS Chapter 608 creates a private right of action. This argument, however, is without merit. The Ninth Circuit's decision in *Evans* is unpublished and thus non-binding and, most importantly, does not address or analyze the issue that Plaintiffs assert and therefore lacks any precedential value in this context. *See M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082, 1088 (9th Cir. 2012) ("Statements made in passing, without analysis, are not binding precedent."); *O'Neal v. Price*, 531 F.3d 1146, 1152 at n. 6 (9th Cir. 2008) ("Statements 'made casually and without analysis,' which do not address issues brought to the attention of the court, do not constitute precedent.").

The court therefore finds that Plaintiffs have provided no basis for relief under Rule 60(b) and their motion for reconsideration will be denied.

## IV. Conclusion

IT IS THEREFORE ORDERED that Plaintiffs' motion to reconsider this court's January 12, 2016 order (ECF No. 194) is **DENIED**.

IT IS SO ORDERED.

DATED this 15th day of February, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

4