UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| TIFFANY SARGANT, *et al.*, ) | Case No.  3:13-cv-00453-LRH-WGC |
| ) | |
| Plaintiffs, ) | **MINUTES OF PROCEEDINGS** |
| ) | |
| vs. ) | |
| ) | March 28, 2017 |
| HG STAFFING, LLC, MEI-GSR ) | |
| HOLDINGS LLC d/b/a GRAND SIERRA ) | |
| RESORT, and DOES 1 through 50, inclusive,) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

PRESENT:   <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   <u>  Katie Lynn Ogden  </u>    REPORTER:   <u>           FTR           </u>

COUNSEL FOR PLAINTIFFS:  <u> Leah Jones and Mark Thieman (Present)          </u>

COUNSEL FOR DEFENDANTS:   <u>  Susan Hilden (Present) and Chris Davis (Telephonically)   </u>

**MINUTES OF PROCEEDINGS: Motion Hearing**

2:02 p.m.  Court convenes.

The court holds today's conference to address Plaintiffs' Motion to Compel Responses to Plaintiffs' Written Discovery Requests (ECF No. 203).  Defendants filed a response at ECF No. 205, followed by Plaintiffs' reply at ECF No. 207.

The court first discusses the declaration (ECF No. 207-3) submitted by Tamara Toles on behalf of the Plaintiffs, which relates to the Defendants' supplemental discovery.  The court specifically addresses the apparent review conducted by Ms. Toles as to the Defendants' supplemental discovery at ECF No. 207-3, page 2.

The court expresses its concern with regard to the proportionality and the expense involved for the discovery requested.  However, the declaration of Toles suggests some relevant information that might be fruitful to pursue the remaining discovery as to those employees or at least a sampling of those employees.  The court suggests it take a brief recess to allow counsel the opportunity to reach a compromise with regard to the interrogatory discovery requests. Counsel agree to the recess.

1

Minutes of Proceedings
3:13-cv-00453-LRH-WGC
March 28, 2017

      Before recessing, the court addresses its position with regard to Plaintiffs' request to conduct a video and/or photograph inspection of Defendants' premises. The court is inclined to allow the inspection; however, the particulars of how the inspection will be organized is unclear. Ms. Jones explains what Plaintiffs' envision for the inspection. Defendants' object to any such inspection. The court requests counsel also discuss this discovery dispute during the recess.

2:33 p.m. Court is in recess. 2:57 p.m. The court reconvenes.

      Ms. Jones reports counsel have come to a consensus with regard to the discovery disputes raised in Plaintiffs' motion to compel. Ms. Jones states after reviewing Exhibit A, the information contained in the exhibit is sufficient and does provides the employees' position titles. Furthermore, Defense counsel agree to allow Plaintiffs' counsel to make copies of those employee files that are identified in the Toles declaration under the categories of involuntary terminations, reduction in force, and a 20% sampling from the voluntary terminations. Ms. Jones states counsel will meet and confer to establish a time-line to accomplish the task of retrieving copies of the employee files.

      Finally, counsel have discussed the parameters of the video and/or photograph inspection of the premises. Counsel agree that both parties may conduct an inspection under the guidelines counsel have agreed on today during the recess. Defense counsel will advise Plaintiffs' counsel when the best date and time for the inspection will be. The inspection, however, shall be completed within the next 60 days.

      In view of the parties' compromise, IT IS ORDERED that Plaintiffs' Motion to Compel Responses to Plaintiffs' Written Discovery Requests (ECF No. 203) is **GRANTED in part** and **DENIED in part**. The court explains both the Plaintiffs' and the Defendants' had merit to their respective positions regarding the discovery dispute; therefore, the court is not receptive to Plaintiffs' request for expenses and attorneys fees pursuant to Fed. R. Civ. P. 37(a)(5)(A).

      IT IS FURTHER ORDERED that the filing of dispositive motions is extended to and including **Friday, 6/30/2017**. The Proposed Joint Pretrial Order shall be filed on or before **Friday, 7/28/2017**. If the parties file dispositive motions, the Proposed Joint Pretrial Order shall be filed 30 days after the court serves its order disposing of the dispositive motions.

      There being no additional matters to address at this time, court adjourns at 3:03 p.m.

                                          DEBRA K. KEMPI, CLERK OF COURT

                                          By: _____/s/_____
                                                 Katie Lynn Ogden, Deputy Clerk