UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| TIFFANY SARGENT, BAILEY CRYDERMAN, SAMANTHA L. IGNACIO (formerly SCHNEIDER), VINCENT M. IGNACIO, HUONG ("ROSIE") BOGGS, and JACQULYN WIEDERHOLT on behalf of themselves and all others similarly situated, | Case No. 3:13-cv-00453-LRH-WGC |
|---|---|
| Plaintiffs, | ORDER |
| v. | |
| HG STAFFING, LLC; MEI-GSR HOLDINGS, LLC d/b/a GRAND SIERRA RESORT; and DOES 1 through 50, inclusive, | |
| Defendants. | |

The plaintiffs in this matter move the court to reconsider two of its previous orders. ECF No. 245. The first order resulted in, and the second order confirmed, the dismissal of the plaintiffs' claims brought under Chapter 608 of the Nevada Revised Statutes ("N.R.S"). ECF Nos. 172, 204. The defendants opposed the motion for reconsideration, and the plaintiffs filed a reply. ECF Nos. 246, 247. Based on the Nevada Supreme Court's ruling in *Neville v. Eighth Judicial District Court in & for County of Clark*, 406 P.3d 499 (Nev. 2017) (holding N.R.S. § 608.140 recognizes a private right of action for unpaid wages), the court now reverses its two previous orders and reinstates plaintiffs' fourth, sixth, and seventh claims. But the plaintiffs' eighth claim remains dismissed. Also, because the court reinstates three claims for each plaintiff, the court denies the defendants' six pending summary judgment motions without prejudice.

1

## I. BACKGROUND

The plaintiffs sue the defendants under the Fair Labor Standards Act, the Nevada Constitution, and provisions of the Nevada Revised Statutes. ECF No. 47. Four of the plaintiffs' claims are relevant to this order: (1) failure to pay wages for all hours worked in violation of N.R.S. § 608.140 and § 608.016 (fourth claim); (2) failure to pay minimum wages in violation of N.R.S. § 608.140 and § 608.018 (sixth claim); (3) failure to pay all wages due and owing upon termination in violation of N.R.S. § 608.140 and § 608.020 to § 608.050 (seventh claim); and (4) unlawful chargebacks in violation of N.R.S. § 608.100 (eighth claim). *See id.*; ECF Nos. 245, 246, 247.

The court dismissed the four relevant claims in its January 11, 2016 Order ("ECF No. 172"), holding that Chapter 608 does not provide for a private right of action. ECF No. 172. The court based its decision solely on statutory grounds. *Id.* In making its decision, the court agreed with the majority of case law from the District of Nevada. *Id.* (citing multiple District of Nevada cases holding no private right of action exists under Chapter 608). The court later reaffirmed its decision, denying the plaintiffs' earlier motion to reconsider. ECF No. 204.

Since the court's previous orders were issued, the Nevada Supreme Court considered if Chapter 608 allows for a private right of action. *See Neville*, 406 P.3d 499. It concluded that N.R.S. § 608.140 demonstrates the legislature's intent to create a private right of action for unpaid wages. *Id.* at 504. It then reversed the dismissal of the plaintiff's claims that were tied to N.R.S. § 608.140 and were brought under Chapter 608—specifically N.R.S. § 608.016, § 608.018, and § 608.020 to 608.050. *Id.* Based on the Nevada Supreme Court's decision in *Neville*, the plaintiffs move the court to reconsider ECF No. 172 and ECF No. 204. ECF No. 245.

Additionally, since the court's previous orders were issued, the defendants filed six motions for summary judgment. ECF Nos. 218, 220, 222–225. The plaintiffs opposed the motions for summary judgment, and the defendants filed replies. ECF Nos. 228–233, 236–241. Each motion argues for the dismissal of a single plaintiff's remaining claims, but the motions do not discuss the plaintiffs' previously dismissed claims. *See* ECF Nos. 218, 220, 222–225. The summary judgment motions remain pending at the time of this order.

## II. LEGAL STANDARD

A party may move for relief from a final judgment or order under Federal Rule of Civil Procedure 60(b). A motion under Rule 60(b) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 887, 890 (9th Cir. 2000). The Ninth Circuit allows for reconsideration "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); Fed. R. Civ. P. 60(b)(1)-(6).

## III. DISCUSSION

The plaintiffs move the court to reconsider the dismissal of their claims brought under Chapter 608 based on the Nevada Supreme Court's decision in *Neville v. Eighth Judicial District Court in & for County of Clark*, 406 P.3d 499 (Nev. 2017). ECF No. 245. The defendants argue that the *Neville* decision does not require reconsideration of the court's earlier orders, but even if it did, *Neville* would not change the outcome of the court's earlier orders. ECF No. 246. The court disagrees; the *Neville* decision alters the court's decision on the issue on which summary judgment was granted.

At the time of its order, the court found that Chapter 608 did not provide for a private right of action, agreeing with case law from the District of Nevada. But the court limited its decision to determining if Chapter 608 allowed for a private suit to recover earned wages; the court declined to reach any factual issues. Since issuing its order on the statutory question, the Nevada Supreme Court ruled contrarily in *Neville*, finding that N.R.S. § 608.140 "explicitly recognizes a private cause of action for recovery of unpaid wages." 406 P.3d at 500. Thus, the Nevada Supreme Court "conclude[d] that NRS Chapter 608 provides a private right of action for unpaid wages." *Id.* The Nevada Supreme Court therefore instructed the district court to vacate its order dismissing the plaintiff's claims brought under Chapter 608 and tied to N.R.S. § 608.140. *Id.* at 504. These claims included causes of action brought under N.R.S. § 608.016, § 608.018, and § 608.020 to § 608.050. *Id.* at 504.

3

The plaintiffs seek reconsideration of the order dismissing claims brought under the same provisions of Chapter 608 as the plaintiff's claims in *Neville*. ECF No. 247. The plaintiffs' fourth claim falls under N.R.S. § 608.016; the plaintiffs' sixth claim falls under N.R.S. § 608.018; the plaintiffs' seventh claim falls under N.R.S. § 608.020 to § 608.050. Further, the plaintiffs tied their fourth, sixth, and seventh claims to N.R.S. § 608.140. Because the claims are brought under Chapter 608 and tied to N.R.S. § 608.140, the *Neville* holding requires the court to find that a private right of action exists for the claims. The court therefore vacates its earlier orders in part and reinstates the plaintiffs' fourth, sixth, and seventh claims.

Additionally, the court dismissed the plaintiffs' eighth claim in ECF No. 172. The plaintiffs brought their eighth claim under N.R.S. § 608.100. Unlike the rest of the claims at issue, the plaintiffs did not tie the claim to N.R.S. § 608.140. But the plaintiffs contend that their complaint properly states a claim for unpaid wages under N.R.S. § 608.100 nevertheless. ECF No. 247 at fn. 2. The court disagrees. The Nevada Supreme Court held that no private right of action exists to enforce N.R.S. § 608.100. *Baldonado v. Wynn Las Vegas, LLC*, 194 P.3d 96, 100 (Nev. 2008) (stating the discussion holding no private right of action exists under N.R.S. § 608.160 applies equally to N.R.S. § 608.100). Accordingly, the court neither vacates its previous orders in regards to the plaintiffs' eighth claim nor reinstates the plaintiffs' eighth claim.

Based on the foregoing, the court denies the pending motions for summary judgment without prejudice to allow the parties to file motions for summary judgment that address all remaining claims—including those claims reinstated herein.

IV. **CONCLUSION**

IT IS THEREFORE ORDERED that plaintiffs' motion to reconsider the court's previous orders (ECF No. 245) is **GRANTED.** The court reinstates the plaintiffs' fourth, sixth, and seventh claims. But the court does not reinstate the plaintiffs' eighth claim.

IT IS FURTHER ORDERED that defendants HG Staffing, LLC and MEI-GSR Holdings, LLC dba Grand Sierra Resort's motion for summary judgment on all remaining claims asserted by plaintiff Jacqulyn Wiederholt (ECF No. 218) is **DENIED without prejudice**.

IT IS FURTHER ORDERED that defendants HG Staffing, LLC and MEI-GSR Holdings, LLC dba Grand Sierra Resort's motion for summary judgment on all remaining claims asserted by plaintiff Huong ("Rosie") Boggs (ECF No. 220) is **DENIED without prejudice**.

IT IS FURTHER ORDERED that defendants HG Staffing, LLC and MEI-GSR Holdings, LLC dba Grand Sierra Resort's motion for summary judgment on all remaining claims asserted by plaintiff Tiffany Sargent (ECF No. 222) is **DENIED without prejudice**.

IT IS FURTHER ORDERED that defendants HG Staffing, LLC and MEI-GSR Holdings, LLC dba Grand Sierra Resort's motion for summary judgment on all remaining claims asserted by plaintiff Samantha Ignacio (ECF No. 223) is **DENIED without prejudice**.

IT IS FURTHER ORDERED that defendants HG Staffing, LLC and MEI-GSR Holdings, LLC dba Grand Sierra Resort's motion for summary judgment on all remaining claims asserted by plaintiff Vincent Ignacio (ECF No. 224) is **DENIED without prejudice**.

IT IS FURTHER ORDERED that defendants HG Staffing, LLC and MEI-GSR Holdings, LLC dba Grand Sierra Resort's motion for summary judgment on all remaining claims asserted by plaintiff Bailey Cryderman (ECF No. 225) is **DENIED without prejudice**.

IT IS FURTHER ORDERED that the defendants shall file complete motions for summary judgment that include briefing on the reinstated claims, if any, within 30 days of the entry of this order.

IT IS SO ORDERED.

DATED this 10th day of January, 2018.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE